1  MORAN LAW GROUP, INC.
   CATHLEEN COOPER MORAN, I.D. #83758
2  RENÉE C. MENDOZA, I.D. #139939
   643 Bair Island Road, Suite 403
3  Redwood City, CA 94063
   Tel.: (650) 694-4700
4  Fax: (650) 368-4818
   E-Mail: Cathy@moranlaw.net
5
   Attorney for Debtor: Mark E. Moon

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

| | |
|---|---|
| In Re: | Chapter 11 |
| MARK E. MOON, | Bankruptcy No. 20-30711 |
| Debtor. | |
| MARK E. MOON | Adversary No. |
| Plaintiff, | |
| vs. | |
| MILESTONE FINANCIAL, LLC, a California Limited Liability Company, | |
| Defendant. | HON. DENNIS MONTALI |

**COMPLAINT**

Debtor Mark Moon alleges as follows:

1. The Court has jurisdiction over this matter pursuant to 28 United States Codes Section 157 and 1334.

2. This matter is brought as an adversary proceeding pursuant to Rule 7001-1, 2, and 7.

3. This adversary proceeding is a core proceeding based on 28 United States Code Sections 157(b)(2)(A), (D), and (O).

4. Venue is proper in this district pursuant to 28 United States Code Section 1409.

5. Plaintiff alleges on information and belief that Milestone is a "creditor" within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

6. The debtor filed a voluntary petition under title 11 United States Code Chapter 13 on September 10, 2020 and converted his case to Chapter 11 on November 24, 2020.

7. Among the assets of the estate is a single family home at 11 Mandalay Court, Redwood City, CA. At the commencement of the case, the Property was subject to a lien in favor of Defendant Milestone Financial ("Milestone").

8. Litigation challenging the extent and validity of Milestone's deed of trust was pending in the Superior Court of San Mateo County at the commencement of this bankruptcy case. That action was removed to this court and litigated to judgment as Adversary No. 20-03117.

9. The Adversary Judgment (the "Judgment") entered May 25, 2022 as Docket #88 fixed the amounts owed to Milestone as of May 13, 2022. Milestone appealed that Judgment and that appeal is currently pending.

10. The Judgment included a provision that if the loan was not paid off by June 24, 2022, the court would entertain a motion for relief from stay from Milestone.

11. Milestone sought a stay pending appeal of the Judgment fixing the sums owed to Milestone as of May 13, 2022, in this court, which was denied.

12. Milestone's motion to the Bankruptcy Appellate Panel for a stay pending appeal was likewise denied.

///

13. Subsequently, this court approved attorneys fees payable by Milestone to Debtor as the prevailing party in the adversary in the total sum of $246, 967.50. Docket # 129.

14. Moon engaged an experienced mortgage broker who identified a lender who would make a conventional, 30 year, fixed interest rate loan to Lori Moon, Debtor's non-filing spouse, sufficient to satisfy Milestone's loan.

15. In order to get a loan commitment, Moon must submit a payoff demand from Milestone, his existing lender, and a statement from Milestone verifying that Moon has made regular payments in the recent past.

16. Beginning in late May, 2022, demand was made on Milestone for a payoff demand.

17. At all times since, Milestone has failed to provide either statement, despite numerous requests beginning in May, 2022 as shown in the emails and notes of escrow personnel at Old Republic Title, where escrow for the refinance loan is pending, attached as Exhibit A.

18. Without a loan commitment, Moon is unable to bring a motion to approve the loan that would payoff the loan, as Milestone advocated earlier in the adversary litigation.

19. Interest rates have increased while Milestone refused to submit a payoff demand, increasing the expected cost of a 30 year loan. Meanwhile, Milestone's loan accrues interest at $140 a day.

**FIRST CAUSE OF ACTION**
**( California Civil Code § 2943(c))**

20. Plaintiff incorporates the allegations of each paragraph above.

21. Plaintiff is entitled to a payoff statement from a secured lender within 21 days of a request.

22. Defendant has failed to provide a payoff statement as required by California law.

23. Plaintiff has incurred damages, and continues to incur damages as a result of Defendant's failure.

## SECOND CAUSE OF ACTION
## ( 15 U.S.C.§ 1639g)

24. Plaintiff incorporates the allegations of each paragraph above.
25. Defendant has failed to provide a payoff demand as required by statute despite written requests from Plaintiff.
26. Plaintiff has suffered damages and continues to suffer damages, as a result of Defendant's violation.

## THIRD CAUSE OF ACTION
## (11 USC §105)

27. Plaintiff incorporates the allegations of each paragraph above.
28. Bankruptcy Code § 105 empowers the court to make any order necessary or appropriate to carry out the provisions of Title 11.
29. Defendant sought, in Adversary No. 20-03117, prompt payment of its obligation, as reflected in the provisions of the Judgment.
30. Defendant's actions and refusal to act when obligated to do so frustrates the conduct of Plaintiff's Chapter 11.
31. Plaintiff seeks injunctive relief to compel Defendant to provide a payoff demand and to validate Plaintiff's payment history during this Chapter 11.

## FOURTH CAUSE OF ACTION
## (Breach of Contract)

32. Plaintiff incorporates the allegations of each paragraph above.
33. Defendant's refusal to supply the information necessary to satisfy Plaintiff's obligation to Defendant breaches the covenant of good faith and fair dealing made a part of every contract governed by the laws of the State of California.
34. Plaintiff has been damaged and continues to be damaged by Defendant's breach.

## FIFTH CAUSE OF ACTION
### (Attorneys Fees)

35. Plaintiff incorporates the allegations of each paragraph above.

36. Plaintiff is entitled to an award of his attorneys fees incurred in connection with this complaint under 15 USC 1640(a) and under the provisions of the promissory notes between the parties.

WHEREFOR, Plaintiff prays for relief as follows:

A. For damages according to proof;

B. For a mandatory injunction requiring Milestone to submit a payoff demand as required by law and to provide verification of the payments made by Plaintiff during the pendency of this bankruptcy case in a form acceptable to prospective lenders;

C. For statutory penalties as provided by state and federal statutes;

D. For reasonable attorneys fees; and

E. For such other and further relief as is just.

MORAN LAW GROUP

DATE: September 13, 2022

/s/ Cathleen Cooper Moran
CATHLEEN COOPER MORAN
Attorney for Mark Moon