MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-Mail: Cathy@moranlaw.net

Attorneys for Debtor: Mark E. Moon

John P. McDonnell, Esq. (State Bar No. 77369)
Law Offices of John P. McDonnell
295 89th Street, Ste. 200
Daly City, CA 94015-1655
Telephone: 650-991-9909
Facsimile: 650-449-7789
JPMcDON@aol.com

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3

| | |
|---|---|
| E. MARK MOON | Chapter 11 |
| Plaintiff, | Bankruptcy No. 20-30711 |
| | Adversary No. 22-03106 |
| v. | |
| MILESTONE FINANCIAL, LLC, a California Limited Liability Company. | |
| | Hon. Dennis Montali |
| Defendants. | |

**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**SUMMARY**

This lawsuit is the second Adversary Proceeding arising from the $795,000 loan that Defendant Milestone Financial LLC's ("Milestone") made to Mark and Lori Moon in 2015. The first Adversary Proceeding, No. 20-03117, was generally resolved in favor of the Moons. After judgment was entered for the Moons in that case, the Moons attempted to pay off the Milestone loan (as the court had ordered). In this second adversary proceeding, Plaintiff' Mark Moon is alleging that Milestone wrongfully prevented the payoff of the loan by failing to provide a

"payoff demand" as required by state and federal law. Plaintiff Moon is making a motion for partial summary judgment on the issue of Defendant Milestone's liability on the first, second and fifth causes of action in the Second Amended Complaint. Plaintiff believes that the undisputed facts establish liability on those claims, but that the issue of damages would present conflicting evidence that must be resolved at trial.

**RELIEF SOUGHT**

Plaintiffs seek a partial summary judgment, ruling that:

1. During July and August 2022, Defendant Milestone violated California Civil Code §2943(c) by failing to provide a payoff demand within the 21-day time limit established by that statute.

2. During July and August 2022, Defendant Milestone violated California Civil Code §2943(c) by expressly refusing to provide the payoff demand required by that statute.

3. During July and August 2022, Defendant Milestone violated 15 U.S.C. §1639g by failing to provide a payoff demand within the 7-business-day time limit established by that statute.

4. During July and August 2022, Defendant Milestone violated 15 U.S.C. §1639g by expressly refusing to provide the payoff demand required by that statute.

5. That as a result of the statutory violates listed above, Defendant Milestone is liable for intentional interference with contractual relations under California law.

**FACTUAL BACKGROUND**

Not all of the facts in the Second Amended Complaint are involved in this motion. This motion is directed at Milestone's misconduct in July and August 2022.

The relevant facts in this case started with the Court's rulings in the prior adversary proceeding. The following table lists relevant events. The references in the table to "Exhibit A" are to Exhibit A to the initial Complaint in the case. For the convenience of the court, a copy of that Exhibit is included with the McDonnell declaration.

| DATE | EVENT | REFERENCE |
|---|---|---|
| 1/31/22 | The court issues its ruling that the interest on the loan extension violated the usury laws and the 10% "acceleration penalty" was an illegal penalty. The court requests further briefing on other issues prior to a formal order. | Docket #72 in Adv. 20-03117 |
| 2/18/22 | Milestone files a brief and a "request for deadline" for Moon to pay off the Milestone loan; seeks a 5/31/22 payoff deadline | Docket #73 in Adv. 20-03117 |
| 4/14/22 | Moon begins preparation to pay off the loan. Attorney Cathy Moran engages mortgage broker Robert Schuman, who obtains title report on the Moon Property from Old Republic Title Company. | Shuman Decl. Ex.1 |
| 4/27/22 | Court enters its Order on cross summary judgment motions. Per Milestone request, Court sets a 6/24/22 deadline for Moons to pay the Milestone loan | Docket #105 in Adv. 20-03117 |
| 5/18/22 | Broker Schuman obtains the interest United Wholesale Mortgage (UWM). UWM sends initial disclosure package to the Moons, and issues the formal loan estimate required by law | Shuman Decl. Ex. 2 |
| 5/26/22 | Judgment is entered for Plaintiffs in Adv. 20-03117. The judgment confirms the 6/24/22 payment deadline. | Docket #88 in Adv. 20-03117 |
| 5/27/22 | Milestone files notice appeal with Bankruptcy Appellate Panel (BAP). | Docket #89 in Adv. 20-03117 |
| 6/9/22 | Milestone files Motion for stay in Bankruptcy Court; Milestone no longer wants the 6/24 payoff, and instead asks the Court to prevent payoff of the loan. | Doc #102 in Adv. 20-03117 |
| 6/24/22 | Bankruptcy Court enters Order denying stay on appeal. | Docket #116in Adv. 20-03117 |
| 6/27/22 | Attorney Moran sends e-mail to broker Schuman advising that stay was denied and Moons need to proceed with the refinance. | McDonnell Decl. Ex.1 |
| 7/14/22 | The refinance loan is being arranged for Lori Moon, not Debtor Mark Moon. On 7/14 Lori signs borrower authorization for release of information for loan | McDonnell Decl. Ex.2 |
| 7/15/22 | ORTC sends payoff request by e-mail to kgray@milestonefinancial.net | Exhibit A with McDonnell Decl. |
| 7/15/22 | Copy of the ORTC e-mail sent to kgray on 7/15 | McDonnell Decl. Ex. 3 |
| 7/15/22 | Copy of the payoff demand form sent to Milestone 7/15/22 | McDonnell Decl. Ex. 4 |

| DATE | EVENT | REFERENCE |
|---|---|---|
| 7/15/22 | Mortgage broker Shuman sends request for payment history and request for information required by the "Verification of Mortgage" form (VOM) to Milestone attorney Joyce Lau. | Schuman Decl. Ex. 3 |
| 7/19/22 | ORTC makes two calls to Milestone to follow up on payoff request: Neither is answered. | Exhibit A with McDonnell Decl. |
| 7/19/22 | Broker Shuman sends follow up e-mail to attorney Joyce Lau re VOM; Lau response says, "received your e-mail and forwarded to client; have not heard back." | Schuman Decl. Ex. 3 |
| 7/20/22 | UWM issues loan estimate for $900,000 loan at 5.9% interest | McDonnell Decl. Ex. 5 |
| 7/20/22 | ORTC sends written payoff status update request by e-mail to kgray@Milestonefinancial.net and admin@Milestonefinancial | Exhibit A with McDonnell Decl. |
| 7/22/22 | ORTC speaks to "Angie" at Milestone who says she will call back with information | Exhibit A with McDonnell Decl. |
| 7/25/22 | ORTC speaks to "Jill" at Milestone who tells ORTC "To contact borrowers [and] let them know that **the reason why Milestone is not processing payoff [is] due to ongoing dispute on amount and the borrowers need to call Milestone Financial to settle the dispute**." | Exhibit A with McDonnell Decl. |
| 7/26/22 | 15 U.S.C. §1639g says lender must respond to payoff request withing 7 business days, and 7 business days from 7/15 would be Tuesday 7/26 | |
| 8/2/22 | Schuman sends another e-mail to Lau: 17 days since my request (part of an 8/24/22 e-mail to Moran ) | Schuman Decl. Ex. 3 |
| 8/5/22 | Lori Moon signs all loan disclosure documents needed by UWM to complete the $900,000 loan. | McDonnell Decl. Ex. 6 |
| 8/7/22 | [Monday] Section 2943 deadline for 21-day response to payoff request sent on 7/15/22 | |
| 8/8/22 | UWM issues conditional loan approval to Lori Moon, for $900,000 loan at 5.9%. | Schuman Decl. Ex. 4 |
| 8/10/22 | After Lori Moon has signed all the loan documents and the loan is ready to close, ORTC sends a new request for payoff demand via e-mail to kgray@milestonefinancial.net | Exhibit A with McDonnell Decl. |
| 8/10/22 | Copy of 8/10 e-mail from ORTC to kgray requesting payoff | McDonnell Decl. Ex. 7 |

| DATE | EVENT | REFERENCE |
|---|---|---|
| 8/16/22 | At 3:47 p.m. ORTC talks with Jill at Milestone again. The full entry reads as follows; "REGARDING MILESTONE FINANCIAL PAYOFF Called 650-316-8970 spoke with Jill who stated this loan is under dispute and they are not able to provide payoff statement at this time, to reach out to the borrower. I asked if she can provide something in writing reason why payoff cannot be processed, Jill will ask to see what can be done **but owner is out traveling and he had instructed the rep to refer us back to the borrower to call to settle the dispute first.**" | Exhibit A with McDonnell Decl. |
| 8/17/22 | BAP denies Milestone Motion for Stay | |
| 8/17/22 | ORTC e-mail with the 8/17 entry; "lender says they will not process request, borrower must call to settle ongoing dispute. and <u>CPU closes task.</u>" [need to go to bankruptcy court for resolution]. | McDonnell Decl. Ex. 8 |
| 8/19/22 | The 7 business day deadline under 15 U.S.C. §1639g, on the 8/10/22 request for payoff demand expires Friday 8/19/22. | |
| | In late August 2022, UWM denies the loan because it has not received either the payoff demand or the payment history and VOM | Schuman Decl. para. 13 and para. 14 |
| 8/31/22 | The 21-day deadline of Cal. Civil Code 2943 on the 8/10/22 request for payoff demand expires Friday 8/19/22. | |
| 9/13/22 | Attorney Cathy Moran files this second adversary proceeding Docket #177 in main Moon bankruptcy (20-30711) filings. | |
| 10/19/22 | Milestone files Rule 12 Motion to Dismiss in this case | Docket #8 |
| 11/18/22 | Hearing held on Milestone Motion to Dismiss; Court issues ruling granting in part and sets status conference for 1/27/23 (no formal Order) | |
| 12/14/22 | ORTC sends another payoff request to Kgray at Milestone | McDonnell Decl. Ex. 9 |
| | There are a large number of e-mails exchanged after 12/15 that include partial information, but the full information needed from Milestone is not provided until after the status conference on 3/31/23. | |
| 1/27/23 | Status conference. Court encourages parties to complete the refinance promptly. Court continues status conference to 3/31/23 | |

| DATE | EVENT | REFERENCE |
|------|-------|-----------|
| 2/6/23 | Shulman is trying to obtain a new loan, and sends forms for payoff demand to Milestone attorney Kornberg with copy to William Stuart of Milestone. | McDonnell Decl. Ex. 10 |
| 3/30/23 | Kind Lending issues new loan approval for 30-year $900,000 at 7.625% | McDonnell Decl. Ex. 11 |
| 3/31/23 | Second Status conference. Court instructs Cohen and McDonnell to take all steps with clients to get refi loan done right away. | |
| 4/10/23 | Moran makes motion for loan approval (Docket #180 in main bankruptcy case). | |
| | After 4/10/23 the parties cooperate and agree on all payoff amounts and other information for the new loan. | |
| 4/23/23 | Kind Lending RESPA Closing Disclosure document; $900,000 loan at 7.625 interest rate | McDonnell Decl. Ex. 12 |
| 4/28/23 | Refi loan closes and Milestone is paid off | |

**Summary of Above Facts**

A concise summary of the foregoing facts is:

1. In the Spring of 2022, the Moons were negotiating a new refinancing loan with United Wholesale Mortgage (UWM). UWM had issued a preliminary loan estimate in May 2022 for a 30-year loan for $900,000 at 5.829% Interest.

2. To get the UWM loan completed, on July 15, 2022, the escrow company, Old Republic Title Company (ORTC) sends a written request for a loan payoff demand to Defendant Milestone Financial, LLC (Milestone). On the same date, the mortgage broker, Robert Shuman, sends a written request for a loan payoff history and a Verification of Mortgage (VOM) to Joyce Lau, an attorney for Milestone. Ms. Lau forwards Shuman's request to Milestone.

3. Milestone never responds to the July15, 2022 request for a payoff demand. Instead, Milestone tells ORTC that it will not process the payoff demand because the amount is in dispute, and that ORTC should contact the Moons and tell the Moons that they have to settle the dispute.

4. Milestone also never responds to the July 15, 2022 request for the loan payment history and the VOM.

5. In July 2022, UWM issues a new loan estimate for the 30-year $900,000 loan, with an interest rate of 5.9%. On August 8, 2022, UWM issues a conditional loan approval for this loan.

6. On August 16, 2022 Milestone again tells ORTC that Milestone will not process the payoff demand because the loan is in dispute, and that the Moons must settle the dispute.

7. In around late August 2022 UWM denies the loan.

8. The present lawsuit was filed on September 13, 2022. After resolution of Milestone' Rule 12 Motion, and prodding from the Court, Milestone finally provided the payoff demand information and the VOM information in April 2023. However, by this time the interest rates have risen significantly, and the new April 2023 loan that the Moons obtain is for $900,000 at an interest rate of 7.625%. The Moons use the proceeds of this loan to pay off the Milestone loan on April 28, 2023.

## STANDARDS FOR SUMMARY JUDGMENT

This Court set forth the rules for ruling on a Motion for Summary Judgment in its January 31, 2022 Order in Adv. Proceeding 20-03117, as follows:

> On a motion for summary judgment, the court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact as to any claim, part of claim, defense, or part of defense. *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## LEGAL DISCUSSION

The above list of events starts with the January 31, 2022 Order on the Motion for Partial Summary Judgment (20-03117). The purpose is to show that in the Spring and Summer of 2022, the mortgage broker for the Moons had obtained a $900,000 loan at the 5.9% interest rate, and that if Milestone had provided the payoff demand required by law, the Moons could have closed that loan in July 2022. However, Milestone was intent on preventing the Moons from obtaining a refinance loan. Milestone wanted to prevent the loan payoff so that Milestone could continue to collect the $140.82 daily interest allowed by the judgment. Milestone intentionally violated the state and federal statutes to prevent the payoff of the loan in July 2022.

**1. Milestone is liable on the first cause of action for failing to provide a payoff demand within 21 days of July 15, 2022.**

California Civil Code §2943(c) provides that when a lender receives a written request for a payoff statement, the lender must provide a written payoff demand within 21 days of the receipt of the request. On July 15, 2022, Old Republic Title Company (ORTC) acting on behalf of the Moons, sent a written request for a payoff demand by e-mail to Milestone. The 21-day deadline of §2943(c) expired on Saturday, August 5, so the deadline was extended to Monday August 7 by Cal. Code of Civil Procedure §12a. Milestone failed to provide a payoff demand by that date. Moreover, Milestone expressly *refused* to provide a payoff demand at any time during July or August 2022. Instead, on July 25, 2022, Milestone told ORTC,

> "To contact borrowers [and] let them know that the reason why Milestone is not processing payoff [is] due to ongoing dispute on amount and the borrower's need to call Milestone Financial to settle the dispute."

ORTC continued to press Milestone for a payoff demand, and on August 16, 2022, ORTC reported a conversation with Jill at Milestone:

> "REGARDING MILESTONE FINANCIAL PAYOFF Called 650-316-8970 spoke with Jill who stated this loan is under dispute and they are not able to provide payoff statement at this time, to reach out to the borrower. I asked if she can provide something in writing reason why payoff cannot be processed, Jill will ask to see what can be done **but owner is out traveling and he had instructed the rep to refer us back to the borrower to call to settle the dispute first.**" (emphasis added)

Milestone was not only refusing to follow the law, it was using its refusal to attempt to extort an unjust settlement from Mr. Moon. Milestone is liable on the First Cause of Action.

**2. Milestone is liable on the second cause of action for failing to provide a payoff demand within 7 business days of July 15, 2022.**

15 U.S.C. §1639g provides that a lender on a home loan must provide a written statement of the balance due on the loan within 7 business days of the receipt of a written request for that statement. As stated above, on July 15, ORTC sent a written request for a payoff statement by e-mail to Milestone. The seven business day deadline under §1639g expired on Tuesday, July 26. As discussed above, Milestone failed to provide any payoff demand by July 26. In fact, on July 25, 2022 Milestone notified ORTC that it would not

provide the payoff demand, and the borrower had to contact Milestone and settle the case.

The evidence shows that UWM had issued a loan estimate on July 20, 2022 for a $900,000 loan at a 5.9% interest rate. UWM issued a conditional loan approval for that loan on August 8, 2022. If Milestone had complied with *either* the federal deadline or the state deadline, and provided the payoff statement by early August, Mr. Moon would have been able to obtain that UWM loan at 5.9%.

**3. Milestone is liable on the fifth cause of action for intentional interference with contractual relations**.

The elements of the tort for intentional interference with contractual relations have been set forth by the California courts many times:

> We recently noted the elements of the tort: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."

*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126, fn. 2 (repeated in *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512).

The 9th Circuit has followed and applied the *Pacific Gas* case. *Fresno Motors, LLC v. Mercedes Benz USA, LLC* (9th Cir. 2014) 771 F.3d 1119, 1125.

A key element of the tort is that the acts of the defendant must be wrongful, which includes the violation of state or federal law. *PMC, Inc. v. Saban Entertainment, Inc.* (1996) 45 Cal.App.4th 579, 603.

Mr. Moon began his lending relationship with UWM in May 2022 when UWM issued the loan estimate required by RESPA. The fact that ORTC was requesting a payoff demand in July 2022 notified Milestone that a new loan was in the works. In fact, the main reason Milestone was seeking a stay of the judgment was that Milestone knew that the new loan would pay off the Milestone loan and extinguish Milestone's lien on the home. Therefore, Milestone violated both state and federal law with the intent to interfere with the prospective UWM loan. Milestone sabotaged Mr. Moon's ability to get the UWM loan at the 5.9% interest rate.

# CONCLUSION

The court should enter partial summary judgment that Milestone is liable on the first, second and fifth causes of action. The only remaining issue on these claims would be the amount of damages.

Dated: January 26, 2024            /s/ John McDonnell
JOHN P. McDONNELL, ESQ.
Attorney for Plaintiff