

**Signed and Filed: March 8, 2024**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARK E. MOON,<br><br>            Debtor.<br>_____<br>E. MARK MOON,<br><br>            Plaintiff,<br><br>v.<br><br>MILESTONE FINANCIAL, LLC, a California Limited Liability Company,<br><br>            Defendant.<br>_____ | Bankruptcy Case<br>No. 20-30711-DM<br><br>Chapter 11<br><br><br><br><br>Adversary Proceeding<br>No. 22-03106-DM<br><br><br>Date:  March 29, 2024<br>Time:  1:30 PM<br>Via Video/Teleconference<br>www.canb.uscourts.gov/calendars |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

The court has decided to issue this Order in lieu of waiting until March 13, 2024, when counsel indicated availability to listen to an oral ruling.  For the reasons that follow, Plaintiff E. Mark Moon's *Motion for Partial Summary Judgment* ("Motion") (Dkt. 34) is DENIED.

-1-

As a preliminary matter, the court will not deal with the oft-repeated argument by Milestone Financial, LLC ("Milestone") that it did not make loans to consumer buyers and that it was misled by Mr. Moon and Ms. Lori Moon regarding the purpose of the loan. That issue was disposed of by this court previously when it indicated that the issue had been waived as part of the restructuring transaction that occurred years ago.

Turning to the merits, the court is satisfied that the June 16, 2022 email and first-class mail letter from Milestone's counsel, Bernard Kornberg, to Michelle Hider, Old Republic Title, satisfied the requirements of California Civil Code Section 2943 ("CC 2943"). Although that letter contains a lot of verbiage, and quite specifically repeats Milestone's position regarding its appeal of this court's prior ruling and its view on what Mr. Moon needed to do to obtain an order from this court to permit him to borrow funds, the last three sentences of the third paragraph of that letter are unequivocal:

> **In the Judgment, the Court fixed the amount due to Milestone, as of May 13, 2022, at $751,009.91. Daily interest accrues at a rate of $140.82 until paid. As of June 16, 2022 that amount is $755,656.97 (33 days x 1$40.82 = $4,647.06 + $751,009.91).**

Despite Mr. Moon's argument about the sufficiency of that response, it does not purport to expire on the date it was issued or otherwise contradict the quoted language. Nothing in CC 2943 prohibits any additional language, nor to restrict a response information such as just quoted.

For the foregoing reason, the court might very well have granted partial summary judgment in favor of Milestone on the

first claim for relief but it will defer that possibility at present as doing so will accomplish nothing to advance this litigation.

The court will not address the other communications that went to arguably incorrect addresses or otherwise have been discredited by Mr. Moon. Nor does it need to deal with evidentiary objections, as they are moot.

It will also deny partial summary judgment on the second claim for relief based upon 15 U.S.C. § 1639(g) because the Kornberg letter suffices there as well. The alternative theory advanced by Mr. Moon that federal law requires response to a payoff demand be sent by the "actual creditor" rather than an attorney or agent, will not be considered because it was raised for the first time in the reply and Milestone did not have an opportunity to respond. Apart from that, it appears to be frivolous in any event.

Finally, the court will deny the Motion as the fifth claim for relief because that claim is largely fact-driven and even if partial summary judgment were appropriate, reserving proof of damages at trial, the court would exercise its discretion to deny partial summary judgment because prosecution of that cause of action requires a full factual record and evidentiary hearing to resolve it thoroughly and convincingly.

The March 13, 2024 hearing date is DROPPED from the calendar. The court will conduct a Scheduling Conference on March 29, 2024, at 1:30 PM. Prior to that time, counsel should meet and confer concerning a date for the court to set this

Case: 22-03106   Doc# 45   Filed: 03/08/24   Entered: 03/08/24 15:42:06   Page 3 of 5

matter for trial and an estimate of the time of trial that should be reserved.

**END OF ORDER**

COURT SERVICE LIST

ECF Recipients