HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant,
Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>MARK E. MOON<br>    Debtor,<br>_____<br>MARK E. MOON,<br>    Plaintiff,<br>v.<br>Milestone Financial, LLC, a California Limited Liability Company<br>    Defendant.<br>_____ | CASE NO. 20-30711<br>CHAPTER 11<br>ADV NO. 22-03106<br><br>**MILESTONE FINANCIAL, LLC'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT**<br><br>Date: August 2, 2024<br>Time: 10:00 a.m.<br>Dept. remote appearance |

0

# I. INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff, Mark E. Moon ("Moon"), filed this action generally claiming that Milestone Financial, LLC ("Milestone") prevented him from paying off the note secured by a deed of trust against his property at 11 Mandalay Ct., Redwood City, CA 94065. The note secured by a deed of trust was not refinanced by a loan from United Wholesale Mortgage ("UWM"), because the proposed borrower, Lori Moon, could not meet the UWM underwriting requirements.

Moon filed his original complaint [Dkt. 1] and then in response to a motion to dismiss, he amended the complaint by filing a first amended complaint on May 31, 2023 [Dkt. 20]. Then Moon filed a second amended complaint on January 23, 2024 [Dkt. 31].

Moon filed a motion for partial summary judgment [Dkt. 34], that the Court denied after extensive briefing. [Dkt. 45].

Milestone filed a motion for summary judgment and/or partial summary judgment on March 27, 2024. [Dkt. 48]. The parties briefed the motion and the Court granted the motion by its order on June 10, 2024. [Dkt. 57]. Thereafter, the Court entered judgment in favor of Milestone on June 18, 2024 [Dkt. 60].

All claims arise out of the Note, Deed of Trust and Settlement Agreement, Indemnity and First Amendment to Promissory Note Secured by Deed of Trust (the "Settlement Agreement") that Moon sought to pay off by refinancing the Milestone loan. Those contracts and agreements provide a basis for awarding Milestone its attorneys' fees in this action.

## II. THE EXTENSIVE WORK DONE BY THE PARTIES IN THE ACTION INCLUDED TWO FULLY BRIEFED AND ARGUED SUMMARY JUDGMENT MOTIONS.

The complaint was filed on September 13, 2022. The original complaint included a cause of action for attorneys' fees in addition to other causes of action. The gist of the complaint was challenging Milestone's actions to collect on its note the full amount it was owed and preserve its rights given pending litigation. At all times all parties knew the amount owed based on the Court's judgment and that never changed. Lori Moon sought a loan from UWM that UWM did not approve and that was not funded and Mark Moon contended he was damaged by Milestone's actions with respect to Mark Moon's pay off demand requests.

Milestone filed a motion to dismiss various causes of action on September 29, 2022. The Court held a hearing on November 18, 2022, on the motion and it was granted in part and denied in part.

A status conference was held by the Court in this action on January 27, 2023, at which counsel appeared, and the Court continued the status conference. Another status conference was held by the Court in this action on March 31, 2023, at which counsel appeared, and the Court continued the status conference. Another status conference was held by the Court in this action on May 26, 2023, at which counsel appeared, and the Court continued the status conference. Moon filed a first amended complaint ("FAC") on May 31, 2023.

2

MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT

Case: 22-03106    Doc# 65-1    Filed: 07/01/24    Entered: 07/01/24 14:31:03    Page 3 of 16

An alias summons was issued on June 1, 2023, against Bear Bruin Ventures, Inc. ("BBVI") and William Stuart.  However, Plaintiff dismissed defendants, BBVI and William Stuart on June 5, 2023.

Milestone filed its answer to the FAC on June 30, 2023.

A status conference was held by the Court in this action on July 28, 2023, at which counsel appeared, and the Court continued the status conference.  Another status conference was held by the Court in this action on November 3, 2023, at which counsel appeared, and the Court continued the status conference.

The parties agreed to allow Moon to file a second amended complaint ("SAC") and he filed his SAC on January 23, 2024.  Milestone answered the SAC on February 6, 2024.

Moon filed his partial summary adjudication motion on January 26, 2024.  He included a declaration from Robert Schuman, the loan broker that sought to obtain a loan for Lori Moon, and a declaration from John McDonnell.

Milestone filed evidentiary objections to the Robert Shuman declaration and a brief in opposition to the motion.  It also prepared and filed declarations by William Stuart, Zoë Hamilton, Bernard Kornberg and a request for judicial notice.  Moon included new evidence by a John McDonnell declaration with his reply brief and Milestone filed an evidentiary objection to that John McDonnell declaration.

The Court held a hearing on the partial summary adjudication on February 23, 2024, at which counsel appeared and argued extensively.  The Court took the matter under submission after counsel's arguments.

On March 8, 2024, the Court signed its order denying Moon's motion for partial summary adjudication. [Dkt. 45]. In the order, the Court indicated on page 2 lines 27-28 that had Milestone filed the motion based on Moon's identified facts that "the court might very well have granted partial summary judgment in favor of Milestone on the first claim for relief."

Moon chose not to dismiss his claim, despite that warning from the Court forcing Milestone to address that issue as well as others in its summary judgment motion.

A few weeks later, on March 27, 2024, Milestone filed its motion for summary judgment and/or adjudication and included the declarations of William Stuart, Zoë Hamilton, Richard Wang, Bernard Kornberg and Harris L. Cohen. Milestone included in its evidence the relevant testimony of Robert Schuman from his deposition that Milestone had taken and the documents Mr. Schuman produced.

Moon filed an opposition brief and declarations of Robert Schuman, and John McDonnell.

Milestone filed its reply brief and included the declaration of Bernard Kornberg attaching the relevant portions of the Robert Schuman deposition. Milestone also filed evidentiary objections to the declarations of Robert Schuman and John McDonnell.

The Court held a hearing on the summary judgment motion on May 24, 2024, at which counsel appeared and extensive argument was heard by the Court for over 30 minutes. The Court took the matter under submission after counsel's arguments.

On June 10, 2024, the Court issued its order granting Milestone's motion for summary judgment. Milestone then prepared a form of judgment and submitted it to

John McDonnell for comments. Mr. McDonnell objected to the form of judgment and Milestone submitted its form of judgment with a declaration explaining the disagreement.

In addition to the Court proceedings, Milestone subpoenaed documents from Robert Schuman and took his deposition on November 17, 2023 and December 12, 2023.

. Mr. McDonnell objected to a more cost effective zoom deposition to be taken by Mr. Cohen, so Mr. Kornberg had to personally appear to take the deposition or it would not have gone forward, based on Mr. McDonnell's objection, and would have delayed the case.

Milestone also subpoenaed documents from Network Financial Group, which was alleged to also be a broker for the failed UWM loan for Lori Moon. This permitted Milestone to discover the actual reason her loan application was not approved, instead of the reason proffered by Mark Moon. Further, Milestone subpoenaed the loan file from Kind Lending, the entity that eventually made a loan to Lori Moon. It should be noted that initially Kind Lending ignored the subpoena and refused to produce any documents. This forced Milestone's counsel to prepared an application for Kind Lending to show cause why it should not be held in contempt and subject to monetary sanctions and attorneys' fees. The motion was researched and drafted and just before it was filed, Kind Lending capitulated and produced the documents. But for Mark Moon's meritless complaint, that would not have been necessary.

Milestone also subpoenaed the Old Republic Title Insurance Company documents to determine Lori Moon's and Mark Moon's interaction and facts concerning the loan

that was never approved or funded by UWM. Milestone also prepared and served document requests, requests for admissions and written interrogatories on Mark Moon.

### III. THE PLEADINGS AND PARTIES' CONTRACTS PROVIDE A BASIS FOR RECOVERY OF ATTORNEYS' FEES.

In paragraph 36 of the original complaint, Moon claimed:

"Plaintiff is entitled to an award of his attorneys fees incurred in connection with this complaint under 15 USC 1640(a) and **under the provisions of the promissory notes between the parties**." (Emphasis added). In paragraph D of the prayer of that pleading he sought "reasonable attorneys' fees."

In both the FAC and the SAC, Moon included breach of contract causes of action. The only relevant contracts at issue between the parties were the note, deed of trust and settlement agreement. The instant action sought to hold Milestone liable for not honoring its obligations to accept what was owed on the note secured by the deed of trust and as amended by the settlement agreement.[1]

#### A. THE NOTE PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.

The parties' note provides for the recovery of attorneys' fees. Paragraph 4 of the note states:

> "Attorneys' Fees. Maker agrees to pay all costs, including actual attorneys' fees and expenses incurred in good faith (including court costs, expert witness fees,

---

[1] Moon did argue at the hearing on the summary judgment motion that the Court's judgment in the prior action was a "Contract" between the parties, however that argument was rejected by the Court. As stated in the Court's order granting summary judgment, "As the court made clear at the hearing, a judgment is not a contract. There is no need to elaborate on this fact."

6

MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AFTER JUDGMENT

document reproduction expenses, costs of exhibit preparation. courier charges, postage and communication expenses), incurred by Holder in enforcing payment or collection of this Note or the terms of any Loan Document, whether or not suit is filed, including without limitation fees in obtaining legal advice regarding Holder's rights and remedies, and all costs and fees incurred in obtaining relief from any stay or injunction. The parties' deed of trust provides for the recovery of attorneys' fees."

This suit arises from Moon's claim that Milestone improperly enforced its rights under the Note, Deed of Trust and Settlement Agreement. Therefore, Milestone is entitled to recover its attorneys' fees based on the terms of the Note.

### B. THE SETTLEMENT AGREEMENT PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.

The parties' Settlement Agreement also provides for the recovery of attorneys' fees. Paragraph 3 of the Settlement Agreement provides in relevant part:

Lender enters into this Agreement solely to accommodate the needs of Borrower and despite its wishes that the current Note and associated loan documents be honored. Lender does not wish to be at any risk whatsoever. Therefore, Borrower hereby agrees to indemnify, defend through counsel of Lender's choice and hold harmless Lender (and all of those persons and entities referenced below as "Released Parties") from and against any and all claims, losses, demands, liabilities, damages, penalties, fines and expenses of any kind of nature, including without limitation, all costs of litigation, attorney's fees, and expert fees which **Lender, as well as any other persons or entities benefitted by Borrower's general release set forth below, and Lender's successors or assigns, may directly or indirectly sustain or suffer as a consequence of entering into this Agreement, as a consequence of any claim, liability, loss, demand, damage, penalty, expense, cost, attorney fee, expert fee based in whole or in part on any alleged or actual invalidity, unenforceability, and/or unconscionability of this Agreement or any provision contained within it, <u>or relating in any way to the Note, Deed of Trust or the Property</u>**. This indemnification agreement to defend and agreement to hold harmless extends to any and all claims brought or originated through Borrower or any other person or entity whatsoever including but not limited to any government agency. (Emphasis added).

It is indisputable that the litigation relates to the Note, Deed of Trust and the Property as the sole issue was whether Milestone complied with its obligations concerning the payoff of the Note, the reconveyance of the Deed of Trust and the Settlement Agreement terms subject to the Court's judgment liquidating the debt.

C.  **THE DEED OF TRUST PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.**

The parties' Deed of Trust also provides for the recovery of attorneys' fees. Paragraph 9.28 of the Deed of Trust provides in relevant part:

> "If any suit. action or proceeding of any kind (an "action") is brought by any party hereto to enforce, defend or interpret any provision of this Deed of Trust or any of the Loan Documents (including an action for declaratory relief), the prevailing party in such action shall recover from the other non-prevailing parties to such action all reasonable costs and expenses which the prevailing party may incur in bringing such action and/or enforcing any judgment granted therein, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment."

Here, Moon's complaint sought to enforce what he believed was required of Milestone based on the Note, Deed of Trust and Settlement Agreement as liquidated by the Court's judgment. Therefore, based on the terms of the Deed of Trust, Milestone as the prevailing party is entitled to recover its attorneys' fees incurred in this action.

IV.  **APPLICABLE LAW ALLOWS MILESTONE TO RECOVER ITS ATTORNEYS' FEES AND THE 9TH CIRCUIT USES THE LOADSTAR METHOD TO CALCULATE FEES.**

Motions for attorneys' fees are governed by Federal Rule of Bankruptcy Procedure ("FRBP") 7054, Federal Rule of Civil Procedure ("FRCP") Rule 54 as made applicable by FRBP 7054, and Bankruptcy Local Rule 1001-2(a) making Civil Local

Rules 54-1 - 54-5 applicable to bankruptcy cases and adversary proceedings. FRCP Rule 54(b) permits the Court to grant an attorneys' fees motion. *In re Lyon*, 644 B.R. 211, 213-214 (Bankr. D. Or. 2022).

The motion must be made within 14 days after entry of judgment (6/18/24), state the amount sought or provide a fair estimate of it, and disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. FRCP 54(d)(2)(B), Local Civil Rule 54-5. Rule 54-5 requires a meet and confer to attempt to resolve the dispute, a statement of the services rendered for each person requesting fees and a statement of the manner and time records maintained. The motion must also include the qualifications and experience and statement of customary hourly charges of each person or the comparable hourly rates or other indication of value of the services. (Local Rule 54-5(b)).

"In the Ninth Circuit, the customary method for determining the reasonableness of a professional's fees is the 'lodestar' calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996), *amended*, 108 F.3d 981 (9th Cir.1997). 'The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.' *Morales*, 96 F.3d at 363 (citation omitted). 'This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.' *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A compensation award based on the loadstar is a presumptively reasonable fee. *In re Manoa Finance Co.*, 853 F.2d 687, 691 (9th Cir.1988)." *In re Carson*, 510 B.R. 627, 647 (Bankr. E.D. 2014).

When the parties' contract is subject to California law, the Court must look to California law to determine the prevailing party. *In re Mac-Go Corp.*, 541 B.R. 706, 714 (Bankr. N.D. Cal. 2015). Here, Milestone prevailed as to every cause of action in the SAC on summary judgment, so the issue of prevailing party is not in dispute as Moon did not prevail on any claim.

California provides two bases for recovery of attorneys' fees in contract cases. First, Civil Code §1717(a) provides that when the contract provides for attorneys' fees and costs regarding enforcement, then the prevailing party shall be entitled to reasonable attorneys' fees in addition to other costs. Second, if the action is not "on the contract" the prevailing party may still recover attorneys' fees if the contract language encompasses the issues of the dispute. Code of Civil Procedure §1032(b) and *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.

> " ' [P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.' (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341, 5 Cal.Rptr.2d 154.)."

Courts "must liberally interpret §1717." *In re Flores*, 2023 WL 4034356, *9 (Bankr. C.D. Cal. 2023).

Here, the Court is not faced with a voluntary dismissal issue. Thus, whether the "prevailing party" test is the net recovery test (CCP §1032) or the test of viewing the action to determine which party achieved its litigation objectives, the result is the same, Moon took nothing and Milestone prevailed on every claim. Thus, under every definition

10
MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT
Case: 22-03106    Doc# 65-1    Filed: 07/01/24    Entered: 07/01/24 14:31:03    Page 11 of 16

of "prevailing party," as applied to the basis for recovery of attorneys' fees, Milestone is the prevailing party entitled to recover its attorneys' fees.

Moon in this action claimed that Milestone breached its promissory note with Moon. He kept his breach of contract claim in the FAC and SAC. His causes of action all related to Milestone's alleged failure to comply with its obligations as the note holder and deed of trust beneficiary and to demand the correct amount owed to satisfy the Note. Thus, all claims had as their origin the Note, which was modified by the Settlement Agreement and then liquidated at a new amount by the Court's judgment. Further, Moon sought to have the Deed of Trust recoveyed, thus triggering its provisions as well.

The parties had absolutely no relationship with each other, <u>except for the contractual relationship created by the Note, Deed of Trust and Settlement Agreement</u>. As all claims arose from the Note, Deed of Trust and Settlement Agreement, and Moon was seeking to enforce them for Lori Moon to pay them off, Milestone is entitled to recover its attorneys' fees as they all provided for the recovery of attorneys' fees.

The Settlement Agreement contains the broadest attorneys' fees provision possible stating that fees are recoverable for any dispute "**relating in any way to the Note, Deed of Trust or the Property**." See *Cruz v. Ayromloo* (2007) 155 Cal. App. 4th 1270, 1277 [2]

---

[2] "The broad language of the attorneys' fees clause in the lease agreement covered all fees in any civil action stemming from the lease. The attorneys' fees clause in the lease provided, 'If civil action is instituted *in connection with this Agreement*, the prevailing party shall be entitled to recover court costs and any reasonable attorney's fees.' The underlying civil action encompassed both breach of contract and tort causes of action arising from the tenants' leases with appellant. ***Therefore, the trial court did not have to base its award solely on breach of contract damages because the lease contemplated***

11

MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT

and *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal. App. 4th 1338, 1342. [3]

Based on the foregoing, the Court should find that Milestone is the prevailing party and entitled to recover its attorneys' fees.

### IV. THE LOADSTAR ATTORNEYS' FEES RATE SHOULD BE $800.00 PER HOUR FOR COUNSEL.

As the Court may recall, John McDonnell sought $800.00 per hour for all his work in the prior adversary case he prosecuted for the Moons, despite admitting to an actual rate of $425 an hour. (See Cohen Decl. Ex. "3"). Milestone, which has a reduced fee agreement with its counsel, seeks the same $800 per an hour sought by Mr. McDonnell.[4] As shown in the declarations of Bernard Kornberg, Harris L. Cohen and Joyce K. Lau (Ms. Lau only billed 6.9 hours for high level attorney work), their experience is certainly co-extensive with Mr. McDonnell's experience in handling litigation matters, and they have more experience in bankruptcy matters than Mr. McDonnell.

The work performed in this case was done expeditiously with a conscious effort to minimize attorneys' fees and costs, as the Court would expect of experienced litigators. Counsel for Milestone were able to prevail in this action by taking only one deposition

---

*recovery of attorneys' fees for all claims in any civil action in connection with the lease."* (Emphasis added).

[3] "Because of its more limited scope, Civil Code section 1717 cannot be said to supersede or limit the broad right of parties pursuant to Code of Civil Procedure section 1021 to make attorney fees agreements. It was therefore error for the trial court to conclude that Civil Code section 1717 would independently bar an award of attorney fees in this case because the causes of action argued at trial sounded in tort rather than in contract."

[4] Milestone's counsel discounted rate to the client is set forth in the individual billing statements.

and by conducting written discovery, including relevant subpoenas of third parties. Counsel did not take the deposition of Mark Moon or Lori Moon to run up the bill as they were unnecessary for the summary judgment motion. The case was streamlined as much as possible.

Moon increased the fees by filing his own partial summary adjudication motion and the work necessary to defeat that motion was done by Milestone's counsel and was substantial involving numerous statutes and cases. The California Supreme Court has held that a party cannot file motions and aggressively litigate and then be heard to complain about the other side's fees to respond, "[a party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serrano v. Unruh* (1982) 32 Cal.3d 621, *followed in Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal. App. 4th 608, 627.

Milestone, by prevailing on its summary judgment motion early in the action, kept the parties from having to conduct extensive discovery, which ultimately kept the fees due from Moon to a minimum, given Moon's decision to file this action.

In 2023, the rates for attorneys in the Northern District of California were analyzed in *Dominguez v. City of San Jose*, 2023 WL 2717266, *5 (N.D. Cal. 2023), as follows:

> "The Court notes that the rates are reasonable based on the prevailing rates in the Northern District. *See, e.g., Human Rights Def. Ctr. v. Cnty. of Napa*, 2021 WL 1176640, at *11 (N.D. Cal. Mar. 28, 2021) (approving hourly rates of $950 for an attorney with about 40 years of experience; $625 for an attorney with about 10 years of experience; $650 for an attorney with about 20 years of experience; and $260 and $350 for paralegals with 10 and 30 years of experience, respectively); *Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125

13

MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT

SBA, 2010 WL 8746910, at *13 N.D. Cal. Dec. 13, 2010 (finding $740, $640, $660, and $570 to be reasonable hourly rates for attorneys at Disability Rights Advocates with 26, 23, 19, and 10 years of experience, respectively); *Dixon v. City of Oakland*, No. C-12-05207 DMR, 2014 WL 6951260, at *7, *9 (N.D. Cal. Dec. 8, 2014) (approving hourly rates in an individual civil rights case of $725 and $695 for partners; $325, $350, and $400 for associates with 2, 3, and 5 years of experience; and $200 for paralegals); *A.D. v. State of California Highway Patrol*, No. C 07-5483 SI, 2013 WL 6199577, at *5-6 (N.D. Cal. Nov. 27, 2013) (approving hourly rates in a wrongful death case of $725 for attorneys with 34 to 40 years of experience and $425 for attorney with 9 years of experience); *Davis v. Prison Health Servs.*, No. C 09-2629 SI, 2012 WL 4462520, at *9-10 (N.D. Cal. Sept. 25, 2012) (approving hourly rates of $675-750 for attorneys with close to 30 years of experience and $180 for a paralegal with 25 years of experience); *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2014 WL 4063144, at *4 (N.D. Cal. Aug. 15, 2014) (approving hourly rates in an employment case of $700 for a partner with 31 years of experience and $650 for an attorney with 22 years of experience)."

"'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] **This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel**.'" *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal. App. 4th 26, 73 (Emphasis added). Therefore, for example the fact that Mr. Cohen charges less than his reasonable hourly rate, does not prevent recovery of that reasonable hourly rate in this action.

Mr. Cohen has over 39 years of experience and extensive bankruptcy experience. Mr. Kornberg 17 years of experience. Ms. Lau has 15 years of experience. Ms. Lau also charges a reduced rate of $125.00 for certain work, which is identified. The rate for Ms. Lau's paralegal is $250.00 per hour.

Based on the foregoing, the requested attorneys' fees are:

14
MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER JUDGMENT
Case: 22-03106    Doc# 65-1    Filed: 07/01/24    Entered: 07/01/24 14:31:03    Page 15 of 16

| Name | Hours | Rate | Total |
|---|---|---|---|
| Harris L. Cohen | 150.45 | $800.00 | $120,360.00 |
| Bernard Kornberg | 52.30 | $800 | $41,840 |
| Joyce K. Lau (regular rate) | 6.9 | $800 | $5,520 |
| Joyce K. Lau (reduced rate) | 0.2 | $175.00 | $35.00 |
| Harris L. Cohen reply and hearing | 10 | $800.00 | $8,000.00 |
| Rodrigo Franco (Paralegal) | 4.00 | $125.00 | $500.00 |
| | | TOTAL: | $176,255 |

## V. CONCLUSION

Based on the foregoing, Milestone requests that the Court grant the motion and award attorneys' fees of $176,255.

Dated: July 1, 2024

MILLER NASH LLP

By: /s/ Bernard Kornberg
Bernard Kornberg, Esq.
Attorney for Defendant Milestone Financial, LLC