HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant, Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN re | ) CASE NO.  20-30711 |
| | ) CHAPTER 11 |
| MARK E. MOON | ) ADV NO. 22-03106 |
| | ) |
|     Debtor, | ) **DECLARATION OF HARRIS L.** |
| _____ | ) **COHEN IN SUPPORT OF MOTION BY** |
| MARK E. MOON, | ) **MILESTONE FINANCIAL, LLC FOR** |
| | ) **ATTORNEYS' FEES AFTER** |
|     Plaintiff, | ) **JUDGMENT** |
| v. | ) |
| Milestone Financial, LLC, a California | ) |
| Limited Liability Company | ) Date:  August 2, 2024 |
| | ) Time: 10:00 a.m. |
|     Defendant. | ) Dept. remote appearance |
| _____ | ) |

1

Case: 22-03106    Doc# 65-2    Filed: 07/01/24    Entered: 07/01/24 14:31:03    Page 1 of 42

# DECLARATION OF HARRIS L. COHEN

I, Harris L. Cohen, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein and if called upon to testify thereto I could and would competently do so.

1.     I am an attorney for Defendant, Milestone Financial, LLC.

2.     Plaintiff, Mark E. Moon ("Moon"), filed this action generally claiming that Milestone Financial, LLC ("Milestone") prevented him from paying off the note secured by a deed of trust against his property at 11 Mandalay Ct., Redwood City, CA 94065. The note secured by a deed of trust was not refinanced by a loan from United Wholesale Mortgage ("UWM"), because, based on the evidence, the proposed borrower, Lori Moon, could not meet the UWM underwriting requirements.

3.     Moon filed his original complaint [Dkt. 1] and then in response to a motion to dismiss and other revelations by Moon, he amended the complaint by filing a first amended complaint on May 31, 2023 [Dkt. 20]. Then he filed a second amended complaint on January 23, 2024 [Dkt. 31].

4.     Milestone filed a motion for summary judgment and/or partial summary judgment on March 27, 2024. [Dkt. 48]. The parties briefed the motion and the Court granted the motion by its order on June 10, 2024. [Dkt. 57]. Thereafter, the Court entered judgment in favor of Milestone.

Case: 22-03106   Doc# 65-2   Filed: 07/01/24   Entered: 07/01/24 14:31:03   Page 2 of 42

5.      All claims arise out of the Note, Deed of Trust and Settlement Agreement, Indemnity and First Amendment to Promissory Note Secured by Deed of Trust (the "Settlement Agreement") that Moon sought to pay off by refinancing the Milestone loan.

6.      The complaint was filed on September 13, 2022.  The original complaint included a cause of action for attorneys' fees in addition to other causes of action.  The gist of the complaint was challenging Milestone's actions to collect on its note the full amount it was owed and preserve its rights given pending litigation.  At all times all parties knew the amount owed based on the Court's judgment and that never changed. Lori Moon sought a loan from UWM that was not funded and Mark Moon contended he was damaged by Milestone's actions.

7.      Milestone filed a motion to dismiss various causes of action on September 29, 2022.  The Court held a hearing on November 18, 2022, and the motion and it was granted in part and denied in part.

8.      A status conference was held by the Court in this action on January 27, 2023, at which counsel appeared, and the Court continued the status conference.  Another status conference was held by the Court in this action on March 31, 2023, at which counsel appeared, and the Court continued the status conference.  Another status conference was held by the Court in this action on May

26, 2023, at which counsel appeared, and the Court continued the status conference. Moon filed an amended complaint on May 31, 2023.

9. An alias summons was issued on June 1, 2023, against Bear Bruin Ventures, Inc. ("BBVI") and William Stuart. However, Plaintiff dismissed defendants, BBVI and William Stuart on June 5, 2023.

10. Milestone filed its answer to the amended complaint on June 30, 2023.

11. A status conference was held by the Court in this action on July 28, 2023, at which counsel appeared, and the Court continued the status conference. Another status conference was held by the Court in this action on November 3, 2023, at which counsel appeared, and the Court continued the status conference.

12. The parties agreed to allow Moon to file a second amended complaint ("SAC") and he filed his SAC on January 23, 2024. Milestone answered the SAC on February 6, 2024.

13. Moon filed his partial summary adjudication motion on January 26, 2024. He included a declaration from Robert Schuman, the loan broker that sought to obtain a loan for Lori Moon, and a declaration from John McDonnell.

14. Milestone filed evidentiary objections to the Robert Shuman declaration and a brief in opposition to the motion. It also prepared and filed declarations by William Stuart, Zoë Hamilton, Bernard Kornberg and a request for

DECL. COHEN IN SUPPORT OF MOTION BY MILESTONE FOR ATTORNEYS' FEES AFTER JUDGMENT

judicial notice. Moon included new evidence by a John McDonnell declaration with his reply brief and Milestone filed an evidentiary objection to the John McDonnell declaration filed with the reply brief.

15.    The Court held a hearing on the partial summary adjudication on February 23, 2024, at which counsel appeared. The Court took the matter under submission after counsel's arguments.

16.    On March 8, 2024, the Court signed its order denying Moon's motion for partial summary adjudication. [Dkt. 45]. In the order, the Court indicated on page 2 lines 27-28 that had Milestone filed the motion based on Moon's identified facts that "the court might very well have granted partial summary judgment in favor of Milestone on the first claim for relief."

17.    Moon chose not to dismiss his claim, despite that warning from the Court.

18.    A few weeks later, on March 27, 2024, Milestone filed its motion for summary judgment and/or adjudication and included the declarations of William Stuart, Zoë Hamilton, Richard Wang, Bernard Kornberg and Harris L. Cohen. Milestone included in its evidence the relevant testimony of Robert Schuman from his deposition and the documents he produced.

19.    Moon filed an opposition brief and declarations of Robert Schuman, and John McDonnell.

20.    Milestone filed its reply brief and included the declaration of Bernard Kornberg attaching the relevant portions of the Robert Schuman deposition. Milestone also filed evidentiary objections to the declarations of Robert Schuman and John McDonnell.

21.    The Court held a hearing on the summary judgment motion on May 24, 2024, at which counsel appeared.  The Court took the matter under submission after counsel's arguments.

22.    On June 10, 2024, the Court issued its order granting Milestone's motion for summary judgment.  Milestone then prepared a form of judgment and submitted it to John McDonnell for comments.

23.    In addition to the Court proceedings, Milestone subpoenaed documents from Robert Schuman and took his deposition.

24.    Mr. McDonnell objected to a more cost effective zoom deposition to be taken by me, so Mr. Kornberg had to personally appear to take the deposition or it would not have gone forward and would have delayed the case.

25.    Milestone also subpoenaed documents from Network Financial Group, which alleged to also be a broker for the failed loan for Lori Moon. Further, Milestone subpoenaed the loan file from Kind Lending, the entity that rejected Ms. Moon's loan application.  This permitted Milestone to discover the actual reason her loan application was not approved, instead of the reason

proffered by Mark Moon. It should be noted that initially Kind Lending ignored the subpoena and refused to produce any documents. This forced me to prepare an application for Kind Lending to show cause why it should not be held in contempt and subject to monetary sanctions and attorneys' fees. The motion was researched and drafted and juts before it was filed, Kind Lending capitulated and produced the documents. But for Mark Moon's meritless complaint, that would not have been necessary.

26. Milestone also subpoenaed the Old Republic Title Insurance Company documents to determine Lori Moon's and Mark Moon's interaction and facts concerning the loan that was never approved or funded. Milestone also prepared and served document requests, requests for admissions and written interrogatories on Mark Moon.

27. Attached to Milestone's Request for Judicial Notice as Exhibit "1" is a true and correct copy of the Complaint filed in this action.

28. Attached to Milestone's Request for Judicial Notice as Exhibit "2" is a true and correct copy of the First Amended Complaint filed in this action.

29. Attached to Milestone's Request for Judicial Notice as Exhibit "3" is a true and correct copy of the Second Amended Complaint filed in this action.

30. The hourly rates for attorneys I practice with and against generally range from $425.00 per hour to $800.00 per hour and that is the prevailing wage

Case: 22-03106   Doc# 65-2   Filed: 07/01/24   Entered: 07/01/24 14:31:03   Page 7 of 42

for attorneys with my experience in the Los Angeles area in civil litigation and bankruptcy. Based on my experience, rates for counsel in the San Francisco Area are generally higher than the rates for counsel with the same experience in Los Angeles. My customary hourly rate is $400.00 per hour for work of this type, which is below the market rate due to my diminished overhead and the fact that single attorney law firms generally do charge the same rate as larger law firms due to market forces.

31. The rate I provide to Milestone for services is a discounted rate due to the volume of work. However, that is not relevant to the lodestar calculation as "'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel.'" *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal. App. 4th 26, 73.

32. Attached hereto as Exhibit "1" is a true and correct copy of my curriculum vitae.

33. Attached hereto as Exhibit "2" are true and correct copies of the billing statements for my work in this case. The total number of hours billed through June 20, 2024 is 150.45 hours.

DECL. COHEN IN SUPPORT OF MOTION BY MILESTONE FOR ATTORNEYS' FEES
AFTER JUDGMENT

34.    Attached hereto as Exhibit "3" are true and correct copies of Mr. McDonnell's brief filed over two years ago, on June 3, 2022, when he sought $800.00 per hour as the appropriate loadstar rate.

34.    I anticipate spending another ten (10) hours on the reply brief when Moon opposes the fee application and in preparing for and appearing at the hearing at the loadstar rate of $800.00 which an additional fee request of $8,000.00.

35.    On July 1, 2024, at 10:36 a.m. I spoke to John P. McDonnell, Esq. to meet and confer about the attorney's fees request.  We were unable to agree on the issue of the attorney's fees claim, thus necessitating the need for the motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Encino, California.


Dated: July 1, 2024                     /s/ Harris L. Cohen_____
                                        Harris L. Cohen

DECL. COHEN IN SUPPORT OF MOTION BY MILESTONE FOR ATTORNEYS' FEES
AFTER JUDGMENT

# EXHIBIT 1

# HARRIS L. COHEN, ESQ.

# CV

Born Brooklyn, New York, 1959, admitted to bar, 1985, California. Education: University of California at Los Angeles (B.A. Economics, 1982); Loyola Marymount University (J.D., cum laude, 1985) Member, St. Thomas More Law Honor Society. Author: "Payroll-Based Tax Credit Employee Stock Ownership Plans," 12 Journal of Pension Planning and Compliance 149, 1986. Speaker: Century City Bar Association "Bankruptcy Issues in Intellectual Property" June 1993. Member: The State Bar of California.

**PRIOR WORK EXPERIENCE INCLUDES:**

7/89 - Present HARRIS L. COHEN, A Professional Corporation
                            Encino

Practice emphasizing litigation including real estate, business, employment, finance, lending and bankruptcy matters.

**7/87 - 7/89 MONEYMAKER & KELLEY,**
                            Los Angeles

Exclusively worked on Bankruptcy Cases including numerous chapter 7 and 11 cases as attorney for debtors, creditors and trustee

**9/86 - 7/87 SANDLER & ROSEN,**
                            Los Angeles

Worked on Debtor/Creditor matters as well as other litigation, corporate and securities work.

**8/85 - 9/86 STRADLING, YOCCA, CARLSON & RAUTH,**
                            Newport Beach

Worked in civil litigation department.

# EXHIBIT 2

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
9/30/22

# STATEMENT

| | |
|---|---|
| Attorney Fees $395.00/hr. Hours 7.7 | $3,041.50 |
| Costs | $ 0.00 |
| **TOTAL DUE** | **$3,041.50** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 9/13/22 | Reviewed new complaint (0.50), discussion with client (0.10), legal research (0.40) | 1.00 |
| 9/20/22 | Worked on motion to dismiss causes of action in new complaint (2.75), legal research (2.00), memorandum of points and authorities, request for judicial notice (0.60), | 5.30 |
| 9/26/22 | Call with Kornberg re motion (0.20), call with client re defense (0.20), worked on motion (0.65), scanned complaint and other documents served (0.10) , calendared dates (0.10) | 1.25 |
| 9/30/22 | Tel from Court re Moon filing (0.05), tel to Lau re same, email to Lau (0.10) | 0.15 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
10/31/22

# STATEMENT

| Attorney Fees $395.00/hr. Hours 4.35 | $1,718.25 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$1,718.25** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 10/25/22 | Rreviewed opposition to motion to dismiss | 0.65 |
| 10/26/22 | Worked on reply to opposition to motion to dismiss (1.80), legal research (1.00), drafting, reviewed file and documents (0.50), email to Lau and Kornberg (0.10), call with Kornberg (0.10), revision, added exhibits and finalized (0.20), email to Lau re same | 3.70 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
11/30/22

# STATEMENT

| Attorney Fees $395.00/hr. Hours 1.75 | $ 691.25 |
|---|---|
| Costs | $  0.00 |
| **TOTAL DUE** | **$ 691.25** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
|  |  |  |
| 11/17/22 | Prepared for hearing on motion to dismiss | 0.50 |
| 11/18/22 | Attended hearing on motion to dismiss (0.95), email to client and all (0.10), discussion and email with Kornberg (0.20) | 1.25 |

| Cost Items | Amount |
|---|---|
|  |  |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
3/31/23

# STATEMENT

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

| Attorney Fees $395.00/hr. Hours 0.6 | $ 237.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$ 237.00** |

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 3/31/23 | Reviewed Moon's status report and prepared for hearing, attended hearing, status report email to all after hearing | 0.60 |

| Cost Items | Amount |
|---|---|
|  |  |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
5/31/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 1.15 | $ 454.25 |
|---|---|
| Costs | $  0.00 |
| **TOTAL DUE** | **$ 454.25** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 5/24/23 | Reviewed new status conference report (0.20), prepared new spreadsheet (0.20), legal research re Civil Code 2924 (0.35), email to client | 0.75 |
| 5/26/23 | Reviewed pleadings (0.10), prepared for status conference (0.10), attended status conference (0.10), email to client (0.10) | 0.40 |

| Cost Items | Amount |
|---|---|
|  |  |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
6/30/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 3.6 | $1,422.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$1,422.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 6/15/23 | Worked on discovery (1.00), began working on answer to complaint (1.00) | 2.00 |
| 6/16/23 | Call with Kornberg re discovery and answer and affirmative defenses (0.25), worked on same (0.35) | 0.60 |
| 6/17/23 | Reviewed Moon motion to dismiss and other filed pleadings (0.20), email to Kornberg re same (0.10) | 0.30 |
| 6/23/23 | Tel with Kornberg re opposition to motion to dismiss, revised evidentiary objection | 0.40 |
| 6/30/23 | Finalized answer, emails from McDonnell re defendant, service and emails re same | 0.30 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
7/31/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 5.8 | $2,291.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$2,291.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 7/5/23 | Worked on discovery to Moon (0.40), drafted changes to request for documents (0.40), request for admissions (0.30), special interrogatories (0.30), legal research re same (0.30), pulled new exhibits for admissions (0.30), reviewed breadth of admissions and local bankruptcy rules and local civil rules (0.20) | 2.20 |
| 7/7/23 | Reviewed pleadings on motion to dismiss (0.40), legal research re their brief (1.40), appeared at oral argument (0.50), email update to client (0.10), legal research re claim issue (0.30) | 2.70 |
| 7/11/23 | Reviewed case management statement from Moon (0.20), prepared case management statement (0.30), service and sent for filing | 0.50 |
| 7/17/23 | Notice from Court regarding new case management hearing (0.10), file, calendared same (0.10), call from Kornberg re ongoing briefing and new issues re dismissal (0.20) | 0.40 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
9/30/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 19 | $7,505.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$7,505.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 9/4/23 | Reviewed McDonnell email (0.10), reviewed documents (0.20), drafted stipulation for continuance (0.30), email re same | 0.60 |
| 9/25/23 | Began reviewing all produced documents and creating summary (1.00), long call with Kornberg re discovery, other responses, summary judgment, issues etc. (0.30), began drafting notice of motion for summary judgment (0.50), began drafting motion for summary judgment (1.20) | 3.00 |
| 9/26/23 | Legal research re summary judgment (1.20), began working on points and authorities for summary judgment (0.80) | 2.00 |
| 9/27/23 | Legal research re summary judgment (1.00), worked on points and authorities for summary judgment (1.00) | 2.00 |
| 9/28/23 | Legal research re summary judgment (1.50), worked on points and authorities for summary judgment (3.50) | 5.00 |
| 9/29/23 | Legal research re summary judgment (0.50), worked on points and authorities for summary judgment (3.90), worked on declaration of Cohen (0.80), worked on declaration of Kornberg (0.70), worked on declaration of Stuart (0.50) | 6.40 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
10/31/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 18.1 | $7,149.50 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$7,149.50** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 10/2/23 | Worked on points and authorities (2.00), legal research re defenses and relevant law (1.00), worked on Hamilton, Stuart, Cohen and Kornberg declaration (0.50), worked on exhibits (0.60) | 4.10 |
| 10/3/23 | Worked on appendix of evidence and declarations (1.00) | 1.00 |
| 10/5/23 | Worked on exhibits, and reviewed documents produced by Moon and worked on summary (1.50) | 1.50 |
| 10/9/23 | Worked on MSJ and declaration (0.85), reviewed each change in Kornberg redline (0.50), long call with Kornberg, work after (0.40) | 1.75 |
| 10/10/23 | Worked on MSJ (2.10), reviewed remaining documents produced page by page (0.70), flagged pages for MSJ (0.40), long call with Kornberg re case, documents, MSJ (0.30) | 3.50 |
| 10/11/23 | Added new arguments to brief, Worked on subpoenas and document requests and reviewed produced documents re same, email to Kornberg and Lau, call with client re filing motion now or after more discovery, client determination to file after, email to all re motion for summary judgment timing and filing | 2.50 |
| 10/18/23 | Reviewed McDonnell meet and confer email, response email | 0.25 |
| 10/19/23 | Reviewed emails from Kornberg and Carolyn, email to Kornberg | 0.20 |
| 10/22/23 | Reviewed brief by Kornberg, legal research re same | 1.50 |
| 10/27/23 | Email to McDonnel re discovery, long call with Kornberg re brief and moon issues and cases | 0.70 |
| 10/31/23 | Worked on new discovery, tel with client re same, emails with Hamilton re same | 1.10 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
11/30/23

# STATEMENT

| Attorney Fees $395.00/hr. Hours 21.3 | $8,413.50 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$8,413.50** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 11/1/23 | Tel with Hamilton re discovery responses (0.30), research re discovery obligations (0.30), revised responses (0.50 | 1.10 |
| 11/3/23 | Call to Schuman (0.10), emails with Schuman (0.10), prepared custodian of records declaration (0.30), began review of 1221 pages from Old Republic (1.70) | 2.20 |
| 11/10/23 | Began reviewing Moon discovery responses, emails and documents (1.00) | 1.00 |
| 11/12/23 | Reviewed Moon discovery responses (1.00), emails and documents and began preparing for deposition (2.00) | 3.00 |
| 11/13/23 | Worked on Moon discovery review and preparation for deposition (2.00), began preparing subpoena for Kind Lending, LLC (1.00) | 3.00 |
| 11/14/23 | Legal research re subpoena (0.40), reviewed part of 1200 pages of discovery review (3.45), Emails with Shuman regarding documents (0.10) | 3.95 |
| 11/15/23 | Worked on all docs produced by Moon (0.40), Old Republic and preparation of exhibits and worked on deposition questions (2.35), reviewed second amended complaint and tel with Kornberg re same (0.40) | 3.15 |
| 11/16/23 | Worked on deposition questions and emails and exhibits (3.20), long depo prep with Kornberg (0.70) | 3.90 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
12/31/23

# STATEMENT

| | | |
|---|---|---|
| Attorney Fees $395.00/hr. Hours 3.45 | | $1,362.75 |
| Costs | | $ 0.00 |
| **TOTAL DUE** | | **$1,362.75** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 12/4/23 | Emails and follow up on subpoena | 0.10 |
| 12/12/23 | Tel from Kornberg re deposition | 0.10 |
| 12/13/23 | Tel from Kornberg re issues at deposition (0.20), prepared documents (0.30), email to Kornberg (0.10), numerous calls from Kornberg, long call with Kornberg after (0.40) | 1.00 |
| 12/15/23 | Reviewed subpoena (0.20), email to Lau re same (0.10), tel from Kornberg re summary judgment, deposition (0.20), began reviewing documents (0.50) | 1.00 |
| 12/21/23 | Emails re non compliance (0.20), began drafting application for OSC re contempt (0.75), legal research re same (0.30) | 1.25 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
1/31/24

# STATEMENT

| Attorney Fees $395.00/hr. Hours 9.4 | |
|---|---|
| | $3,713.00 |
| Costs | $ 0.00 |
| **TOTAL DUE** | **$3,713.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 1/8/24 | Began review of depo transcripts and brief | 1.00 |
| 1/9/24 | Worked on summary judgment motion | 1.00 |
| 1/22/24 | Emails from McDonnell (0.10), reviewed second amended complaint (0.30), reviewed stipulation draft (0.20), email to Kornberg (0.10), worked on application for order to show cause re contempt and attorneys' fees (3.65), worked on notice (0.40) | 4.75 |
| 1/25/24 | Reviewed federal rules of evidence (0.20), prepared custodian of records declaration for federal action (0.25), sent documents to Lau and Kornberg (0.10), email to kind lending with custodian of records declaration (0.10) | 0.65 |
| 1/30/24 | Began reviewing motion for partial summary judgment (1.10), began legal research (0.90) | 2.00 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
2/29/24

# STATEMENT

| Attorney Fees $395.00/hr. Hours 26.75 | $10,566.25 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$10,566.25** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 2/1/24 | Reviewed motion for partial summary judgment (0.70), legal research (1.00), worked on opposition brief and declaration (1.00), reviewed file and exhibits | 2.20 |
| 2/2/24 | Reviewed motion for partial summary judgment (1.00), legal research (0.75), worked on opposition brief and declaration (0.50), reviewed file and exhibits and appendix of evidence (0.75) | 3.00 |
| 2/5/24 | Worked on declarations (0.50), evidentiary objections (1.00), legal research (1.00), opposition points and authorities (1.00), worked on answer to second amended complaint ( 0.50) | 4.00 |
| 2/6/24 | Revised answer with Kornberg changes (0.40), worked on declarations (0.70), evidentiary objections (0.75), legal research (0.75), opposition points and authorities (0.50), | 3.10 |
| 2/7/24 | Worked on evidentiary objections (1.00), reviewed declarations (0.50), reviewed Kind Lending documents (0.40), call with Kornberg, reviewed relation bank issues (0.50), reviewed RESPA issues and defenses, legal research (1.50) | 3.90 |
| 2/8/24 | Tel from Kornberg, discussed motion and related issues, (0.30) | 0.30 |
| 2/9/24 | Reviewed Kornberg changes (0.50), revised numerous documents and made new changes to documents and exhibits and pleadings (2.00) | 2.50 |
| 2/19/24 | Reviewed reply declaration and reply declaration (0.35), worked on evidentiary objections (1.00), legal research (0.70), made argument memo re new brief (1.00), call with Kornberg (0.20), reviewed briefs re arguments (0.50) | 3.75 |
| 2/22/24 | Prepared for summary adjudication hearing (0.50) | 0.50 |
| 2/23/24 | Prepared for summary adjudication hearing and appeared at hearing (3.00), tel with Kornberg after hearing, legal research (0.20) | 3.20 |
| 2/26/24 | Call with Kornberg re trial preparation and separate summary judgment (0.30) | 0.30 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
3/31/24

# STATEMENT

| Attorney Fees $395.00/hr. Hours 15 | $5,925.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$5,925.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| | | |
| 3/8/24 | Reviewed ruling denying motion for partial summary adjudication (0.20), email to client, (0.10) | 0.25 |
| 3/11/24 | Calls with Kornberg , reviewed documents produced (0.15), reviewed ruling on summary adjudication (0.20), reviewed draft of prior summary judgment motion (0.40) , legal research (1.00), worked on new summary judgment motion (0.40) | 2.15 |
| 3/12/24 | Discussion with client re expert and claims etc. (0.20), email to Kornberg (0.05) | 0.25 |
| 3/13/24 | Worked on partial summary judgment motion (4.00) | 4.00 |
| 3/16/24 | Worked on partial summary judgment (1.00), worked on declarations to include exhibits, gathered exhibits (1.00) | 2.00 |
| 3/18/24 | Worked on partial summary judgment motion, declarations, exhibits (2.30), emails with Kornberg (0.20) | 2.50 |
| 3/22/24 | Email from Kornberg (0.10), searched documents, found application, email re same (0.30) | 0.40 |
| 3/25/24 | MSJ research re summary judgment and contradicting deposition testimony (0.80), call with Kornberg re msj and arguments re declaration (0.20), email to Kornberg (0.10), emails and lookup evidence re payments and judgment etc. (0.10), call from Kornberg regarding MSJ, arguments, issues, facts etc. (0.20) | 1.40 |
| 3/26/24 | Reviewed and revised brief on motion for summary judgment (1.55), tel from Kornberg and discussed motion and issues (0.20) | 1.75 |
| 3/27/24 | Tel from Hamilton re Moon case and declaration (0.20) | 0.20 |
| 3/29/24 | Emails re continuance (0.10) | 0.10 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
5/31/24

# STATEMENT

| Attorney Fees $395.00/hr. Hours 15 | $5,925.00 |
|---|---|
| Costs | $ 0.00 |
| **TOTAL DUE** | **$5,925.00** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 5/13/24 | Began reviewing summary judgment opposition (1.50), reviewed declaration of McDonnell (0.50), reviewed declaration of Robert Schuman (0.50), worked on evidentiary objections to Robert Schuman declaration (1.00) | 3.00 |
| 5/14/24 | Legal research, worked on opposition brief, worked on evidentiary objections, reviewed Kornbeg declaration re attorneys fees in 9th circuit, reviewed Kornberg brief re same, reviewed deposition for additional information, prepared Kornberg declaration, sent exhibit to brief | 6.50 |
| 5/17/24 | Worked on Kornberg draft to revisions to summary judgment reply brief, prepared request for judicial notice and pulled exhibit, revised declaration, tel with Kornberg re changes and issues, Kornberg sent supplemental brief re appeal, reviewed and revised same | 1.85 |
| 5/23/24 | Call with Kornberg re motion for summary judgment, prepared for hearing | 0.75 |
| 5/24/24 | Preparation and hearing on summary judgment (1.90), research and drafted post hearing brief re evidence (1.00) | 2.90 |

| Cost Items | Amount |
|---|---|
| | |

# Harris L Cohen, Esq.

Harris L. Cohen, A Professional Corporation
5305 Andasol Ave. / Encino, CA 91316
Tel (818) 905-5599 / Fax (818) 905-5660
Hcohen00@aol.com
6/30/24

# STATEMENT

| Attorney Fees $395.00/hr. Hours 12.5 | $4,937.50 |
|---|---|
| Costs | $  0.00 |
| **TOTAL DUE** | **$4,937.50** |

Mr. William R. Stuart
Milestone Financial LLC
4970 El Camino Real, Ste. 230
Los Altos, CA 94022

**ATTORNEYS' FEES** Re: Moon 11 Mandalay Milestone

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 6/10/24 | Reviewed summary judgment ruling (0.25), email to client, reviewed attorney fee motion requirements and deadline (0.25) | 0.50 |
| 6/11/24 | Reviewed order, reviewed national rules and local rules re attorneys' fees (0.30), reviewed complaint, FAC and SAC (0.30), drafted from of judgment (0.40) | 1.00 |
| 6/11/24 | Began drafting motion for attorneys' fees, notice of motion for attorneys' fees (0.45) and appendix of evidence in support of motion for attorneys' fees (0.45) | 0.90 |
| 6/11/24 | Began working on brief re attorneys fees (2.00) | 2.00 |
| 6/12/24 | Worked on preparing bills for motion for attorneys fees (1.00) | 1.00 |
| 6/14/24 | Emails re form of judgment and submission choices (0.20), work on brief re attorneys' fees, legal research (0.80) | 1.00 |
| 6/15/24 | Reviewed McDonnell objection to form of order | 0.10 |
| 6/17/24 | Worked on attorney fee motion (2.00), legal research re lodestar (0.75), reviewed prior motion by McDonnell (0.40), drafted Cohen declaration (0.75), reviewed Lau bills and calculated, drafted Lau declaration, email to Lau (0.50) | 4.40 |
| 6/18/24 | Email from Lau and revised her declaration and brief re her fees | 0.35 |
| 6/20/24 | Fee calculations and final review | 1.25 |
| | | |
| | | |

| Cost Items | Amount |
|---|---|
| | |

# EXHIBIT 3

| | |
|---|---|
| 1 | MORAN LAW GROUP, INC.<br>CATHLEEN COOPER MORAN, I.D. #83758 |
| 2 | RENÉE C. MENDOZA, I.D. #139939<br>643 Bair Island Road, Suite 403 |
| 3 | Redwood City, CA 94063<br>Tel.: (650) 694-4700 |
| 4 | Fax: (650) 368-4818<br>E-Mail: Cathy@moranlaw.net |
| 5 | |
| 6 | Attorney for Debtor: Mark E. Moon |
| 7 | John P. McDonnell, Esq. (State Bar No. 77369)<br>Law Offices of John P. McDonnell<br>295 89th Street, Ste. 200 |
| 8 | Daly City, CA 94015-1655<br>Telephone: 650-991-9909 |
| 9 | Facsimile: 650-449-7789<br>JPMcDON@aol.com |
| 10 | |
| 11 | Attorney for Plaintiffs Mark and Lori Moon |

<div align="center">

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3

</div>

| | | |
|---|---|---|
| 14 | E. MARK MOON and LORI H. MOON | )    Chapter 11 |
| 15 | Plaintiffs, | )<br>)    Bankruptcy No. 20-30711 |
| 16 | v. | )<br>)    Adversary No. 20-03117 |
| 17 | MILESTONE FINANCIAL, LLC, a California | )<br>) |
| 18 | Limited Liability Company, WILLIAM R.<br>STUART, BEAR BRUIN VENTURES, INC. a | )    PLAINTIFFS' MOTION FOR AWARD OF<br>)            ATTORNEYS FEES |
| 19 | California Corporation, and DOES 1 to 10<br>inclusive. | )<br>)    DATE: July 1, 2022 |
| 20 | Defendants. | )    TIME: 10:30 A.M.<br>)    DEPT. Judge Montali |
| 21 | _____ | ) |

| | |
|---|---|
| 22 | John P. McDonnell, attorney for Plaintiffs, represents as follows; |
| 23 | <div align="center">FACTUAL BACKGROUND</div> |
| 24 | The Court is familiar with the facts of the case, but for the convenience of the Court, the |
| 25 | relevant factual background from the Plaintiff's Motion for Partial Summary Judgment (Docket |
| 26 | #36), is attached as Exhibit A. |
| 27 | /// |
| 28 | /// |

<div align="right">1</div>

**Prior To Bankruptcy**

Mark Moon retained my services in June 2019, and entered into a representation agreement, a copy of which is attached as Exhibit B.

Mr. Moon was referred to me by a colleague in June 2019. He brought a considerable amount of documentation, including the April 2019 payoff demand for $1,288,792. Mark had secured a refinancing loan from Network Capital in March 2019, and he was trying to obtain a payoff number from Milestone. I reviewed many documents that Mark had relating to the loans and the Milestone payoff demand. I conducted some legal research on some of the amounts demanded by Milestone in the excessive April 19, 2019 payoff demand.

The case required research into the law on the distinctions between legitimate "liquidated damages" and an illegal penalty provision. The law has shifted and evolved quite a bit since the statute was amended in 1977 to create a presumption in favor of the validity of a liquidated damages provision. I concluded that the provisions in the Milestone documents were illegal penalties.

After reviewing the case, in July 2019, I contacted the attorney for Milestone, Harris Cohen. I sent him an e-mail stating that the $115,615 acceleration penalty was illegal and that the interest claim was overstated.

As pointed out to the court previously, I proposed to Mr. Cohen that we pick a number to for Moon to pay off, while both parties reserved all their rights. We could get Milestone paid a lot of money, and Milestone could still pursue its claims for more. I proposed $945,000 as a possible number. Neither Mr. Cohen nor Milestone ever responded to that proposal.

Milestone's only response to my July proposal was to file a Notice of Default in September 2019. The NOD claimed that the amount owed as of September 2019 was $1,247,843. This was *less* than the $1,288,792 demand in the April 2019 payoff demand. Milestone conceded at this point that the $115,615 acceleration penalty was improper and removed it from its claim.

///

///

1  Milestone has always litigated the case aggressively. As the case has progressed, I have
2  become convinced that Milestone adopted an aggressive litigation posture to delay the case,
3  increase the costs and amplify their interest claims.

4  Milestone has been claiming interest at a rate of 20.05% all during the litigation. That
5  rate, on just the $902,525 principal from the 2016 extension agreement, would be over $180,000
6  per year, and $15,000 per month. In the time since the case was initially filed in November
7  2019, (approximately 30 months) Milestone has increased its interest claim by at least another
8  $450,000. Milestone fully expected to collect that increased amount (if it prevailed), since the
9  Moons' home is valued at over $2.4 million.

10  **Suit filed in State Court. November 2019**

11  Since I could make no progress resolving the payoff dispute, I filed a lawsuit on behalf
12  of Mark Moon in San Mateo Superior Court in November 2019.

13  Milestone immediately took an aggressive posture in the case, raising procedural
14  objections to the complaint. Rather than spend time dealing with a likely demurrer, I filed an
15  amended complaint.

16  From years of experience, I have found that creating a detailed chronology of the case
17  and the evidence (mostly based on documents produced) is essential in business litigation. I
18  kept such a chronology in this case and updated it regularly as the case progressed. I also
19  created a "notes" document that I regularly updated. The chronology was very helpful at many
20  stages in the case, as was reviewing prior notes as the case progressed.

21  The parties engaged in document discovery and Requests for Admissions. Milestone
22  obtained documents from the Moons, and I obtained documents from then-defendant Evergreen
23  Escrow Inc. Milestone also subpoenaed the full loan file from Network Capital, the mortgage
24  company that had committed to the March/April 2019 loan to the Moons. Network produced
25  over 12,000 pages of documents, which were not well organized. All of these documents
26  required review and coordination with the documents already recorded in the chronology.

27  ///

28  ///

There were a large number of discovery disputes between the parties, and in July 2019, the parties went through an "Informal Discovery Conference" as required by the San Mateo Local Rules.

As the case was progressing, consistent with its aggressive posture, Milestone filed a Notice of Trustee' Sale on May 19, 2020 and set the sales date at June 24, 2020.

**Trustee's Sale and TRO**

The notice of Trustee' Sale forced the Moons to make an emergency motion for a Temporary Restraining Order in June 2020. This required further research into the California Homeowners Bill Of Rights for the ways in which Milestone's foreclosure notice violated those statutes.

This was after the COVID emergency orders that courts issued in March through June 2019, which had effectively closed the courthouses. It was almost impossible to determine where and how to make an ex parte application with the courts closed. It took considerable time to work though the maze of the many *ad hoc* orders issued by the court.

I made the ex parte application for the TRO on June 19, 2020. Milestone appeared through counsel and filed a 94-page Opposition. The application was submitted to the Judge, who ruled that a TRO was not needed, because the sale was prohibited by Governor Newsom's COVID Orders.

Milestone then notified me that it did not agree with the Judge's decision, and would still proceed with the sale on June 24, 2020.

So I had to return to court on 6/23 to resubmit the TRO application to stop the sale. Milestone again submitted its 94-page Opposition. Judge Davis issued the TRO on June 23, 2020.

Per statute, Judge Davis set a hearing for a preliminary injunction. Again the parties submitted voluminous memos and declarations. Milestone amplified their position with declarations from experts. At the September 3 hearing, Judge Miram determined that the Moons had failed to meet the high requirements for a preliminary injunction and denied the application.

4

The Moons initially filed a Notice of Appeal, but then, in consultation with bankruptcy counsel Cathy Moran, they determined to file for bankruptcy on September 10, 2019. The state court action was then removed to bankruptcy court.

In the interim, Judge Davis had entered a tentative ruling awarding Moons $14,450 in attorneys fees for the work on the TRO. Due to the removal of the case to bankruptcy, this order was not made final.

**Adversary Case in Bankruptcy**

I worked with bankruptcy counsel and filed an application for Mr. Moon to employ me as counsel in the adversary case. Again, consistent with their aggressive litigating, Milestone filed an Opposition to my employment

It was necessary to quickly research the law and rules governing employment of special counsel and file an Opposition. Ms. Moran also filed an Opposition. The Court determined that the Opposition to my employment was meritless and approved my application.

The parties commenced discovery under Rule 26.

As noted above, there were discovery disputes in State Court and the Discovery disputes continued after the case got to bankruptcy court. I had several disputes with the defense about compliance with Rule 26, and the parties had disputes over the further discovery. The Court handled one of these disputes at a status conference.

The Court referred the case to the BDRP procedure, and the parties proceeded to take depositions. This involved the usual wrangling about scheduling, complicated by the fact that the depositions would be done remotely. Milestone began with the deposition of Mr. Moon, and I went through the normal routine of reviewing my chronology, notes and documents to prepare for Mr. Moon's deposition. I had to do the same for the later deposition of Mrs. Moon

Aster the deposition of Mark Moon, I proceeded to take the deposition of Mr. Stuart. This led to the large logistical problem of getting the exhibits into the record properly at a remote deposition. I worked with the Talty reporting firm in San Jose, which had a system (called "Agile") for doing this. I took the training on Agile and proceeded with the deposition. There were many exhibits for the deposition. At the deposition, Mr. Stuart stated that he could

1   not stay for the full day but had to leave early.  This required us to schedule a second deposition

2   date.

3          While the case was in the bankruptcy court, but before the BDRP mediation, my research

4   disclosed that the California usury statute could apply to the Moon loan.  The loan states that it

5   was negotiated by a Real Estate Broker named Marc Fournier.  So I prepared and served a

6   deposition subpoena on Mr. Fournier.  I was then contacted by Fournier's attorney.  we had

7   several discussions, and I decided not to proceed with Fournier's deposition.

8          The next event in the case was the BDRP mediation.  This involved preparing a lengthy

9   brief of the facts and law, and working with Mr. Moon to prepare for the mediation (by zoom). I

10  continued to research the usury issue, and determined that even if Mr. Fournier had been

11  involved in the initial 2015 loan, there was no broker involved in the 2016 extension.  I brought

12  this issue, as well as the issue of the illegality of the $115K acceleration penalty, up at the

13  mediation in late August 2021.  Milestone was unconvinced.  Eventually, the mediation was

14  unsuccessful.

15         After the mediation, I prepared and filed the Motion for Partial Summary Judgment on

16  September 9, 2021, which included the usury issue and the acceleration penalty.  As usual, the

17  preparation of this type of motion requires a thorough presentation of the facts and the law.

18         In response to my usury argument, Milestone stated for the first time that Mr. Stuart's

19  wife was the real estate agent on the extension.  This led to a great deal of further research on

20  what needed to be done for a loan to be "arranged or negotiated" by a broker, including the case

21  *Gibbo v. Berger* (2004) 123 Cal.App.4th 396), and the rules for broker participation and

22  compensation.  This also led to research on the Mortgage Loan Originator license requirements.

23  Mrs. Stuart did not have a MLO license (Mr. Fournier did have one for the initial 2015 loan).

24         After I filed my MSPJ, Milestone filed its motion for full summary judgment.  I had to

25  do extensive additional work to defend against Milestone's motion.

26         The Court is deeply familiar with the motions and the oppositions on those cross-

27  motions, including the great deal of research required on the "not a forbearance" issue raised by

28

Case 2:23-03106   Doc#965-2   Filed 06/03/22   Entered 06/03/24 14:53:31   Page 35
of 42

Milestone. I researched the lengthy history of the case law on "credit sales" and determined that Milestone's position was meritless.

Milestone also claimed that its huge acceleration penalty could be justified as "liquidated damages" because without the money early (four months before the July 13, 2019 due date), Milestone could not relend the money and earn another fee. I researched the law to determine if there was any support for this claim for "consequential damages." There is none. I also extensively researched the "liquidated damage" cases that involved collection of loans, including *Sybron Corp. v. Clark Hosp. Supply Corp.* (1978) 76 Cal.App.3d 896 and *Greentree Financial Group, Inc. v. Execute Sports, Inc.* (2008) 163 Cal.App.4th 495, which established that since damages for withholding money are easily determined (the amount owed times the interest rate), any penal provision included in a loan collection claim is illegal, and can not qualify as liquidated damages.

After submission of the briefs of the parties, the court requested briefing on the applicability of the court's holdings in its earlier *Arce* case. I did more research and prepared a memo urging that those holdings applied in our case. I also reviewed the Milestone brief on the issue.

On January 12, 2022, the Court gave the parties an oral ruling on the motions, and issued a Memo decision on January 31. This directed the parties to try to arrange agreement on the payments made by Moon and the advances made by Milestone. This required obtaining records of the payments Moon had made during the bankruptcy case. This was difficult, because the bank did not have online access to "debtor in possession" records. We finally obtained the records. I reviewed the records, calculated the amounts and provided the records to Mr. Cohen. We both worked further to work out some questions on the Moon payments.

I also researched and prepared a memo on the applicability of *Akopyan v. Wells Fargo Home Mortgage, Inc.* (2013) 215 Cal.App.4th 120, and other issues. The parties also disputed whether Milestone could charge a 10% "administrative fee" on advances it made. As part of preparation for the status conference, I also had to review the Moon Deed of Trust to show that the language that Milestone had presented in its papers did not appear in the Moon DOT.

My review of treatises on mortgage lending and foreclosures indicated to me that the Milestone loan to the Moons violated several federal statutes, such as the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA) and the Home Ownership and Equity Protection Act (HOEPA). I thoroughly researched those, and with the help of an expert (discussed below) determined that many of these statutes, particularly TILA, had been violated. I was prepared to move to amend the complaint, but the Court's ruling on usury made that moot.

While this case was in the bankruptcy court, the state court erroneously concluded that the state case had been dismissed. I wanted that case as a backup in case Moon's bankruptcy case was dismissed before this Adversary Proceeding was resolved. I had to file a motion under Cal. C.C.P. §473 for correction of an error by the court. That was successful.

On April 27, the Court issued its final ruling on the two motions. The time records I gave to Mr. Cohen (and the court) go up to May 17, 2022, the date the records were printed. The May time includes some of the time working on this fee application.

As directed by the final order, I prepared a proposed judgment and sent it to Mr. Cohen. He did not to approve my proposal and sent the court one of his own. The court reviewed the papers on this and issued its final judgment on May 26, 2022.

**Additional Information**

I have attached my time records as Exhibit C. I have previously provided these to Mr. Cohen. There are several references in my records to a "consulting expert." This was a connection I made through an old law partner of mine, who is very knowledgeable in the areas of mortgage lending and mortgage loan servicing. He agreed to work for no charge, so there are no third party fees in my application. He provided me with a great deal of information on mortgage servicing (which contradicted what Mr. Stuart had stated in his deposition). He also provided the information related to the federal lending regulations, which confirmed that the violations of federal law could be raised. However, as stated above, this issue became moot.

Also, my fee agreement provides that I can charge Mark 8% interest on past due amounts, but I have never charged Mark interest. However, I have not been paid on this case for the approximately 19 months since Mark filed bankruptcy in September 2019. I have also been

advancing all of the costs of the case since then. I am a sole practitioner, and the lack of any revenue on a case that absorbed a great deal of my time, as well as some costs, has been a hardship. I believe interest in an amount of $5,000 would be fair.

With respect to the time records, I submitted a regular bill for time up to the bankruptcy date (Sept. 9, 2020) as a creditors claim. After that, I continued to keep track of time as before, but I never submitted a bill to Mark. At all times, I expected the case to settle, as 95% of business cases do, so I expected that Mark would bear the brunt of the attorneys fees. So I billed accordingly. There are many instances in the records where I show some work as "no charge." If the work was brief, or simple or repetitive, I did not charge for it.

I prepared regular bills for September through March 31, 2021, but did not send them. After that, I continued to keep time records, but did not prepare a regular bill. So there are bills from June 2019 to March 2021. After April 1, 2021, the time records are presented in the raw, pre-bill format. Due to some glitch in the billing software, I have not been able to convert these to "pro forma" bills.

**Education and Experience**

As stated in my resumé attached as Exhibit D, I graduated from Boalt Hall at the University of California Berkeley in 1977, and then obtained a further degree in tax law at NYU, the top tax program in the country.

My first case was to brief and argue the appeal to the Ninth Circuit in the Lettieri case listed in the resumé. It was a difficult "choice of law case" involving conflicts between New York, New Jersey and California, but I convinced the court to reverse the lower court and apply California law. I mention it only because I represented the family of Al Lettieri, who played the role of the gangster who ordered the "hit" on Don Corleone in "The Godfather," and who was then shot in the head by Michael in the Italian restaurant. It was my first and last "glamor" case.

I began my career as an international tax attorney at Bank of America, where I handled many complex issues, including the legal and tax problems caused by President Carter's 1979 instruction for the U.S. banks to seize all the asset of the new Iranian government. I also worked

Case 2:20-03106   Doc#965-2 Filed 06/03/24 Entered 06/03/24 14:31:03 Page 38 of 42

1   on foreign exchange tax issues, and eventually wrote the article that led the IRS to change its

2   rules on foreign dividends (IRC §986).

3       I then worked in corporate and international tax at Baker & McKenzie.  My experience

4   in finance helped me to convince the IRS to abandon an improper income accounting issue and

5   drop a $55 million claim against a large retail manufacturer.  I also worked on U.S. export

6   controls on American technology that might be used for military purposes.

7       The breadth of my practice continued to expand when I moved to Wilson Sonsini.  I

8   continued to work on tax matters, such as mergers, and tax litigation, but also began working on

9   business litigation including commercial lease disputes and disputes on technology contracts.

10      In 1989 I moved to the small firm of Myers Hawley in Los Altos.  At that point my

11  practice became about 70% business litigation and 30% tax work.  In 1991, I tried the first case

12  that alleged software copyright infringement—a six-week jury trial before the late judge

13  William Ingram that resulted in a verdict for my client, the Plaintiff.  In the *Galedrige* case, the

14  IRS had decided to force all construction companies to change to the accrual method of

15  accounting, which would produce an extremely large tax increase.  The IRS had already won

16  two of those cases, but the *Galedrige* case (and the *Turin* case) reversed the tide.  Eventually, the

17  IRS abandoned its position and issued Notice 2001-010.

18      I continued to handle cases that involved individuals and businesses, including

19  technology contract cases.  I also handled cases dealing with technology patent licensing .  I

20  continued to work in commercial leasing and real estate litigation, leading to the *WDT*

21  *Winchester* case that clarified the application of new laws for evicting commercial tenants.  I

22  also handled quite a few SLAPP cases, such as the *Sareen* case.  I have also assisted many

23  people with IRS claims of failure to report foreign bank accounts.

24      For the last 20 years or so, I have been working (pro bono) as a "pro tem" judge in Santa

25  Clara, handling Mandatory Settlement Conferences.  During those many conferences, I have

26  also learned a great deal about the many varied business cases that come before that court.

27  ///

28  ///

10

**Legal Discussion**

The California Courts have firmly established that in calculating "reasonable attorney's fees" under Civil Code §1717, the starting point is the "lodestar" amount, which is a reasonable amount of time multiplied by a reasonable hourly rate.

> 'Under the lodestar method, attorney fees are calculated by first multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate of compensation. (See *Ketchum v. Moses, supra*, 24 Cal.4th at p. 1136; *Serrano v. Priest* (1977) 20 Cal.3d 25, 48)"

*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 619-620.

> The lodestar figure may then be adjusted, based on factors specific to the case, to fix the fee at the fair market value for the legal services provided. (*PLCM, supra*, 22 Cal.4th at p. 1095.)

*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1055 [280 Cal.Rptr.3d 538].)

My time records are at Exhibit C. As shown at the last page, the total amount of time necessary on this case was 596.9 hours (up to May 17, 2022), and my billing rate has been $425 per hour. The costs have been $9,605.61. I am a sole practitioner and the only attorney that worked on the case. There have been no "multi-attorney" meetings, other than my conversations with Ms. Moran to improve my understanding of the rules in bankruptcy courts.

All of this time has been reasonably expended in dealing with the contract claim in the case.[1] The hours might seem high to Mr. Cohen, but they have been incurred due to the aggressive litigation tactics of Milestone. As the California Supreme Court has held, "[a party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serrano v. Unruh* (1982) 32 Cal.3d 621, followed in *Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 627

The courts have also established that a "reasonable hourly rate" refers to the prevailing rate for attorneys in the community engaged in same type of work with similar experience.

> "We [have] expressly approved the use of prevailing hourly rates as a basis for the lodestar, noting that anchoring the calculation of attorney fees to the lodestar

---

[1] The Amended Complaint includes a fraud claim, but virtually no time was spent on that. The discovery of the fraud was serendipitous. The mortgage servicing company sent Mark a document that showed how the $902,525 in the 2016 Settlement Agreement was calculated. This disclosed what appeared to be another improper $81,000 "acceleration penalty" that was never disclosed to Mark. The only real work on the fraud claim was to add it to the Amended Complaint.

11

1    adjustment method " 'is the only way of approaching the problem that can claim
     objectivity…
2  *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.

3        The "prevailing rate" is not limited by the rate actually charged by the attorney.

4        To determine the reasonable hourly rate, courts consider the rate prevailing in the
         community for similar work. (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570,
5        582 . This market rate approach has been applied in cases involving in-house
         counsel, contingency fees, and pro bono work. In each of these cases, courts have
6        refused to limit the market rate to the attorney's fee arrangement with the prevailing
         party. (*PLCM, supra*, 22 Cal.4th at p. 1096…. "Although the terms of [a fee]
7        contract may be considered, they 'do not compel any particular award.'
         [Citations.]" (*PLCM, supra*, 22 Cal.4th at p. 1096.)
8  *Pasternack v. McCullough (*2021) 65 Cal.App.5th 1050, 1055-1056.

9        There is no requirement that the reasonable market rate mirror the actual rate billed.
     *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 701.

10       In determining the prevailing rate in the community, courts have looked to published

11  reports based on surveys of actual rates. One survey that is often used is the "Laffey Matrix,"

12  which provides the rates that the U.S. Department of Justice will accept as reasonable in federal

13  litigation. A copy of the 2022 Laffey Matrix is attached as Exhibit E. It shows that in 2019, the

14  hourly rate for attorneys with 20+ years of experience was $894 per hour, which had increased

15  to $919 per hour by the end of 2021. Courts that have used the Laffey Matrix have stressed that

16  the D.C. rates must be adjusted to determine rates that should be charged in a locality. The

17  method for doing this is to refer to the difference in prevailing wages for attorneys in the local

18  community with those in D.C. To do this, the court looks at the wage data provided by the

19  Bureau of Labor statistics. See, e.g. *In re HPL Technologies, Inc. Securities Litigation*

20  (N.D.Cal. 2005) 366 F.Supp.2d 912, 922 where Chief Judge Walker determined that the Laffey

21  rate should be adjusted upward by 9%. The *HPL* case was cited with approval in *Syers*

22  *Properties,* supra, at 695. The BLS data for D.C, available at

23  https://www.bls.gov/oes/current/oes_47900.htm#23-0000 shows that the average hourly wage

24  for lawyers in D.C is $89.72. The BLS information for the San Francisco-Oakland Bay Area at

25  https://www.bls.gov/oes/current/oes_41860.htm#23-0000 shows that the average hourly wage

26  for lawyers in S.F. is $92.05, about 2.5% higher.

27

28

However, California Courts have stressed that the Laffey number is only one factor that the court may look to in its discretion.

> "In sum, *PLCM, Nemecek, Syers*, and their like tell us that a trial court has discretion to award an hourly rate under the lodestar method that exceeds the rate that was actually incurred or paid. These cases also disclose the trial court's wide discretion to consider the prevailing party's fee agreement in awarding attorney fees."

*Paternak, supra*, at 1058.

Another objective source that courts have looked to is the Kluwers "Real Rate Report," which actually conducts a detailed survey of billing rates in each major locality. The relevant pages from the 2020 report are attached at Exhibit F. These show that the *median* rate for partners with 21+ experience in SF is $700, and the *average* rate for these partners in the mid-range "third quartile" (above the lowest 40% and below the highest 40%) is $945. (The respective rates for San Jose are actually higher at $865 and $1,028.) An average of the $700 median rate and the $945 average third-quartile rate would be $822.50, which is lower that the Laffey rate outlined above.

Based upon this objective information, I would suggest that $800 would be a fair prevailing rate to use in this case. If that rate is applied to the entire 596.9 hours of time, the attorney's fees awarded to Mark Moon should be $477,540. The costs of $9,605 should be added to this. And as requested above, I believe $5,000 would be an additional amount to compensate for the delay in getting paid.

The prevailing party is also entitled to recover attorneys fees for the time involved in preparing the motion. That time will have to added when the Opposition and Reply briefs are over.

Dated:  June 3, 2022 _____/s/ John McDonnell_____
JOHN P. McDONNELL, ESQ.
Attorney for Plaintiffs

13