HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant, Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>MARK E. MOON<br><br>      Debtor,<br>_____<br><br>MARK E. MOON,<br><br>      Plaintiff,<br>v.<br>Milestone Financial, LLC, a California<br>Limited Liability Company<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.  20-30711<br>CHAPTER 11<br>ADV NO. 22-03106<br><br>**MILESTONE FINANCIAL, LLC<br>REQUEST FOR JUDICIAL NOTICE<br>IN SUPPORT OF MOTION FOR<br>ATTORNEYS' FEES AFTER<br>JUDGMENT**<br><br><br>Date:  August 2, 2024<br>Time: 10:00 a.m.<br>Dept. remote appearance |

MILESTONE FINANCIAL, LLC REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION
FOR ATTORNEYS' FEES AFTER JUDGMENT

Defendant, Milestone Financial, LLC hereby submits its request for judicial notice in support of its motion for attorneys' fees after judgment as follows:

Requests for judicial notice are governed by Federal Rule of Evidence 201. That rule provides in section (b) and (c),

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

"Fed.R.Ev. 201(b)(2). Subsection (d) makes the taking of judicial notice mandatory if the Court is so requested and supplied with the necessary information." *Haye v. U.S.,* 461 F. Supp. 1168, 1174 (C.D. Cal. 1978).

The Court may take judicial notice of court filings in its court and other courts and matters of public record. *Burbank-Glendale-Pasadena Airport Auth. V. City of Burbank*, 136 F. 3d 1360, 1364 (9th Cir. 1998), *Lee v. City of Los Angeles*,

250 F.3d 668, 689 (9th Cir. 2001). The Court may also take notice of docket sheets in other cases. *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010).

Defendant, Milestone Financial, LLC, requests that the Court take judicial notice of:

| Exhibit # | Description |
|---|---|
| 1 | Original complaint |
| 2 | First Amended Complaint |
| 3 | Second Amended Complaint |

Dated: July 1, 2024

MILLER NASH LLP

By: /s/ Bernard Kornberg
Bernard Kornberg, Esq.
Attorney for Defendant Milestone
Financial, LLC

# EXHIBIT "1"

MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-Mail: Cathy@moranlaw.net

Attorney for Debtor: Mark E. Moon

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| MARK E. MOON, | ) | Bankruptcy No. 20-30711 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARK E. MOON | ) | Adversary No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MILESTONE FINANCIAL, LLC, | ) | |
| a California Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | HON. DENNIS MONTALI |

**COMPLAINT**

Debtor Mark Moon alleges as follows:

1.     The Court has jurisdiction over this matter pursuant to 28 United States Codes

Section 157 and 1334.

2. This matter is brought as an adversary proceeding pursuant to Rule 7001-1, 2, and 7.

3. This adversary proceeding is a core proceeding based on 28 United States Code Sections 157(b)(2)(A), (D), and (O).

4. Venue is proper in this district pursuant to 28 United States Code Section 1409.

5. Plaintiff alleges on information and belief that Milestone is a "creditor" within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

6. The debtor filed a voluntary petition under title 11 United States Code Chapter 13 on September 10, 2020 and converted his case to Chapter 11 on November 24, 2020.

7. Among the assets of the estate is a single family home at 11 Mandalay Court, Redwood City, CA. At the commencement of the case, the Property was subject to a lien in favor of Defendant Milestone Financial ("Milestone").

8. Litigation challenging the extent and validity of Milestone's deed of trust was pending in the Superior Court of San Mateo County at the commencement of this bankruptcy case. That action was removed to this court and litigated to judgment as Adversary No. 20-03117.

9. The Adversary Judgment (the "Judgment") entered May 25, 2022 as Docket #88 fixed the amounts owed to Milestone as of May 13, 2022. Milestone appealed that Judgment and that appeal is currently pending.

10. The Judgment included a provision that if the loan was not paid off by June 24, 2022, the court would entertain a motion for relief from stay from Milestone.

11. Milestone sought a stay pending appeal of the Judgment fixing the sums owed to Milestone as of May 13, 2022, in this court, which was denied.

12. Milestone's motion to the Bankruptcy Appellate Panel for a stay pending appeal was likewise denied.

///

13. Subsequently, this court approved attorneys fees payable by Milestone to Debtor as the prevailing party in the adversary in the total sum of $246, 967.50. Docket # 129.

14. Moon engaged an experienced mortgage broker who identified a lender who would make a conventional, 30 year, fixed interest rate loan to Lori Moon, Debtor's non-filing spouse, sufficient to satisfy Milestone's loan.

15. In order to get a loan commitment, Moon must submit a payoff demand from Milestone, his existing lender, and a statement from Milestone verifying that Moon has made regular payments in the recent past.

16. Beginning in late May, 2022, demand was made on Milestone for a payoff demand.

17. At all times since, Milestone has failed to provide either statement, despite numerous requests beginning in May, 2022 as shown in the emails and notes of escrow personnel at Old Republic Title, where escrow for the refinance loan is pending, attached as Exhibit A.

18. Without a loan commitment, Moon is unable to bring a motion to approve the loan that would payoff the loan, as Milestone advocated earlier in the adversary litigation.

19. Interest rates have increased while Milestone refused to submit a payoff demand, increasing the expected cost of a 30 year loan. Meanwhile, Milestone's loan accrues interest at $140 a day.

## FIRST CAUSE OF ACTION
### ( California Civil Code § 2943(c))

20. Plaintiff incorporates the allegations of each paragraph above.

21. Plaintiff is entitled to a payoff statement from a secured lender within 21 days of a request.

22. Defendant has failed to provide a payoff statement as required by California law.

1    23.    Plaintiff has incurred damages, and continues to incur damages as a result of

2           Defendant's failure.

3                              **SECOND CAUSE OF ACTION**
                               **( 15 U.S.C.§ 1639g)**
4
5    24.    Plaintiff incorporates the allegations of each paragraph above.

6    25.    Defendant has failed to provide a payoff demand as required by statute despite

            written requests from Plaintiff.
7
8    26.    Plaintiff has suffered damages and continues to suffer damages, as a result of

            Defendant's violation.
9
                               **THIRD CAUSE OF ACTION**
10                             **(11 USC §105)**

11   27.    Plaintiff incorporates the allegations of each paragraph above.

12   28.    Bankruptcy Code § 105 empowers the court to make any order necessary or

13          appropriate to carry out the provisions of Title 11.

14   29.    Defendant sought, in Adversary No. 20-03117, prompt payment of its obligation,

15          as reflected in the provisions of the Judgment.

16   30.    Defendant's actions and refusal to act when obligated to do so frustrates the

17          conduct of Plaintiff's Chapter 11.

18   31.    Plaintiff seeks injunctive relief to compel Defendant to provide a payoff demand

19          and to validate Plaintiff's payment history during this Chapter 11.

20                             **FOURTH CAUSE OF ACTION**
                               **(Breach of Contract**)
21
22   32.    Plaintiff incorporates the allegations of each paragraph above.

23   33.    Defendant's refusal to supply the information necessary to satisfy Plaintiff's

            obligation to Defendant breaches the covenant of good faith and fair dealing made
24
            a part of every contract governed by the laws of the State of California.
25
26   34.    Plaintiff has been damaged and continues to be damaged by Defendant's breach.

27

28

## FIFTH CAUSE OF ACTION
### (Attorneys Fees)

35.     Plaintiff incorporates the allegations of each paragraph above.

36.     Plaintiff is entitled to an award of his attorneys fees incurred in connection with this complaint under 15 USC 1640(a) and under the provisions of the promissory notes between the parties.

WHEREFOR, Plaintiff prays for relief as follows:

A.      For damages according to proof;

B.      For a mandatory injunction requiring Milestone to submit a payoff demand as required by law and to provide verification of the payments made by Plaintiff during the pendency of this bankruptcy case in a form acceptable to prospective lenders;

C.      For statutory penalties as provided by state and federal statutes;

D.      For reasonable attorneys fees; and

E.      For such other and further relief as is just.

MORAN LAW GROUP

DATE: September __13__, 2022          /s/ Cathleen Cooper Moran
                                      CATHLEEN COOPER MORAN
                                      Attorney for Mark Moon

# EXHIBIT "2"

```
 1   MORAN LAW GROUP, INC.
     CATHLEEN COOPER MORAN, I.D. #83758
 2   RENÉE C. MENDOZA, I.D. #139939
     643 Bair Island Road, Suite 403
 3   Redwood City, CA 94063
     Tel.: (650) 694-4700
 4   Fax: (650) 368-4818
     E-Mail: Cathy@moranlaw.net
 5
     Attorneys for Debtor: Mark E. Moon
 6
     John P. McDonnell, Esq. (State Bar No. 77369)
 7   Law Offices of John P. McDonnell
     295 89th Street, Ste. 200
 8   Daly City, CA 94015-1655
     Telephone: 650-991-9909
 9   Facsimile: 650-449-7789
     JPMcDON@aol.com
10
     Attorney for Plaintiffs Mark and Lori Moon
11
                    UNITED STATES BANKRUPTCY COURT
12
          FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3
13
14   E. MARK MOON and LORI H. MOON        )    Chapter 11
                                          )
15              Plaintiffs,               )    Bankruptcy No. 20-30711
                                          )    Adversary No. 22-03106
16         v.                             )
                                          )
17   MILESTONE FINANCIAL, LLC, a California )
     Limited Liability Company, WILLIAM R. )
18   STUART, BEAR BRUIN VENTURES, INC. a  )
     California Corporation, and DOES 1 to 10 )
19   inclusive.                           )    Hon. Dennis Montali
                                          )
20              Defendants.               )
                                          )
21   ─────────────────────────────────── )
22                      FIRST AMENDED COMPLAINT
23         Debtor Mark Moon alleges as follows:
24         1.  The Court has jurisdiction over this matter pursuant to 28 United States Codes Section
25   157 and 1334.
26         2.  This matter is brought as an adversary proceeding pursuant to Rule 7001-1, 2, and 7.
27         3.  This adversary proceeding is a core proceeding based on 28 United States Code
28   Sections 157(b)(2)(A), (D), and (O).
```

4.  Venue is proper in this district pursuant to 28 United States Code Section 1409.

5.  Plaintiff alleges on information and belief that Milestone is a "creditor" within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq.

6.  The Debtor filed a voluntary petition under title 11 United States Code Chapter 13 on 9/10/2020 and converted his case to Chapter 11 on 11/24/2020.

7.  Among the assets of the estate is a single family home at 11 Mandalay Court, Redwood City, CA.  At the commencement of the case, the Property was subject to a lien in favor of Defendant Milestone Financial ("Milestone").

8.  Litigation challenging the extent and validity of Milestone's deed of trust was pending in the Superior Court of San Mateo County at the commencement of this bankruptcy case. That action was removed to this court and litigated to judgment as Adversary No. 20-03117.

9.  The Adversary Judgment (the "Judgment") entered May 25, 2022 as Docket #88 fixed the amounts owed to Milestone as of May 13, 2022. Milestone appealed that Judgment to the Bankruptcy Appellate Panel.

10.  The Judgment included a provision that if the loan was not paid off by June 24, 2022, the court would entertain a motion for relief from stay from Milestone.

11.  Milestone sought a stay of the Judgment pending appeal in this court, which was denied.

12.  Milestone's also sought a stay pending appeal of the Judgment at the Bankruptcy Appellate Panel, which was likewise denied in August 2022.

13.  The Bankruptcy Appellate Panel eventually denied Milestone's appeal in January 2023, and affirmed this Court's May 25, 2022 Judgment.  Milestone subsequently filed a further appeal with the Ninth Circuit Court of Appeal.  That appeal remains pending.

14.  In May 2022, Moon engaged an experienced mortgage broker who identified a lender who would make a conventional, 30 year, fixed interest rate loan to Lori Moon, Debtor's non-filing spouse, sufficient to satisfy Milestone's loan.  The amount of the Loan was $900,000 and the interest rate on the loan was 5.9%.

15.  In order to obtain a loan commitment, Moon must submit a payoff demand from Milestone, his existing lender, and a statement from Milestone verifying that Moon has made regular payments in the recent past.

16.  On May 26, 2022, Old Republic Title Company sent Milestone a request for a payoff demand.  Old Republic sent a second payoff request to Milestone on June 2, 2022. Milestone's Attorney, Mr. Kornberg, testified that Milestone received these notices, (Kornberg Decl. at Docket entry 101, and Exhibit 101-1, in Adversary Proceeding 20-03117. )

17.  Milestone failed to provide a payoff statement in response to either the May 26, or June 2, 2022 payoff requests.  As a result, that refinancing eventually fell through.

18.  In April 2023, the mortgage broker was able to obtain a new 30-year loan for $900,000.  The interest rate on the loan is 7.625%.

19.  In or about April 2023, Old Republic sent another request for a payoff demand to Milestone.  This time, Milestone provided a payoff demand to Old Republic.  The Moons obtained the new loan, and the refinancing to pay off the Milestone loan closed on or about May 4, 2023.

20.  The original 5.9% loan in May 2022 had a monthly payment of $5,338.23, with total interest of $1,021,762.79 to be paid over the 30 years of the loan.

21.  The eventual 7.625% loan that Mr. Moon obtained in April 2023 has a monthly payment of $6,370.14, with total interest of $1,393,250.40 to be paid over the 30 years of the loan.  The increase in the interest amount is $371,487.61.

FIRST CAUSE OF ACTION
( California Civil Code § 2943(c))

22.  Plaintiff incorporates the allegations of each paragraph above.

23.  California Civil Code § 2943(c) provides that a secured lender must provide a payoff demand withing 21 days of a request for such a demand.  Plaintiff was entitled to a payoff statement from Milestone within 21 days of the May 26, 2022 request.

24.  Defendant failed to provide the payoff statement required by California law.

///

25. Plaintiff has incurred damages, and continues to incur damages as a result of Defendant's failure.

## SECOND CAUSE OF ACTION
### ( 15 U.S.C. 1639g)

26. Plaintiff incorporates the allegations of each paragraph above.

27. 15 U.S.C. §1639g provides that a creditor on a home loan provide an accurate payoff demand no later than seven business days following the receipt of a written payoff demand.

28. Defendant failed to provide the payoff demand required by federal law.

29. Plaintiff has suffered damages and continues to suffer damages, as a result of Defendant's violation.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

30. Plaintiff incorporates the allegations of each paragraph above.

31. Defendant's refusal to supply the information necessary to satisfy Plaintiff's obligation to Defendant is a breach of the contract between Plaintiff and Defendant  and a breach of the covenant of good faith and fair dealing made a part of every contract governed by the laws of the State of California.

32. Plaintiff has been damaged and continues to be damaged by Defendant's breach.


WHEREFORE, Plaintiff prays for relief as follows:


A. For damages according to proof;

B. For statutory penalties as provided by state and federal statutes;

C. For costs of suit including reasonable attorneys fees; and

D. For such other and further relief as the court deems just.


Dated:  May 31, 2023                                    _____/s/ John McDonnell_____
                                                        JOHN P. McDONNELL, ESQ.
                                                        Attorney for Plaintiffs

4

# EXHIBIT "3"

Case: 22-03106    Doc# 65-6    Filed: 07/01/24    Entered: 07/01/24 14:31:03    Page 15 of 26

MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
643 Bair Island Road, Suite 403
Redwood City, CA 94063
Tel.: (650) 694-4700
Fax: (650) 368-4818
E-Mail: Cathy@moranlaw.net

Attorneys for Debtor: Mark E. Moon

John P. McDonnell, Esq. (State Bar No. 77369)
Law Offices of John P. McDonnell
295 89th Street, Ste. 200
Daly City, CA 94015-1655
Telephone: 650-991-9909
Facsimile: 650-449-7789
JPMcDON@aol.com

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA DIVISION 3

| | |
|---|---|
| E. MARK MOON | ) Chapter 11 |
| Plaintiff, | ) |
| | ) Bankruptcy No. 20-30711 |
| v. | ) Adversary No. 22-03106 |
| | ) |
| MILESTONE FINANCIAL, LLC, a California | ) |
| Limited Liability Company | ) |
| | ) Hon. Dennis Montali |
| Defendant. | ) |
| | ) |

**SECOND AMENDED COMPLAINT**

Debtor and Plaintiff Mark Moon alleges as follows:

1. The Court has jurisdiction over this matter pursuant to 28 United States Codes Sections 157 and 1334.

2. This matter is brought as an adversary proceeding pursuant to Rule 7001-1, 2, and 7.

3. This adversary proceeding is a core proceeding based on 28 United States Code Sections 157(b)(2)(A), (D), and (O).

4. Venue is proper in this district pursuant to 28 United States Code Section 1409.

5. The Debtor filed a voluntary petition under title 11 United States Code Chapter 13 on

1

9/10/2020 and converted his case to Chapter 11 on 11/24/2020.

6. Among the assets of the estate is a single family home at 11 Mandalay Court, Redwood City, CA. At the commencement of the case, the Property was subject to a lien in favor of Defendant Milestone Financial LLC ("Milestone").

7. Milestone made a loan to Mr. Moon for $795,000 in 2015, and this loan was for personal purposes and was secured by Mr. Moon's personal residence (the "2015 Loan"). Milestone made an extension of this loan in September 2016.

8. Plaintiff alleges on information and belief that Milestone is a "creditor" within the meaning of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq. [RESPA].

9. Plaintiff further alleges on information and belief that at all times mentioned herein, Milestone was the loan servicer on the 2015 Loan within the meaning of RESPA.

10. Plaintiff alleges on information and belief that the 2015 Loan and extension are subject to the Home Ownership and Equity Protection Act of 1994 (HOEPA).

11. Litigation challenging the extent and validity of Milestone's lien and deed of trust was pending in the Superior Court of San Mateo County at the commencement of this bankruptcy case. That action was removed to this court and litigated to judgment as Adversary No. 20-03117.

12. The Adversary Judgment (the "Judgment") in case No. 20-03117, entered May 25, 2022 as Docket #88, fixed the amounts owed to Milestone as of May 13, 2022. Milestone appealed that Judgment to the Bankruptcy Appellate Panel.

13. The Judgment included a provision that if the loan was not paid off by June 24, 2022, the court would entertain a motion for relief from stay from Milestone.

14. Milestone sought a stay of the Judgment pending appeal in this court, which was denied.

15. Milestone's also sought a stay of the Judgment pending appeal at the Bankruptcy Appellate Panel, which was likewise denied in August 2022.

16. The Bankruptcy Appellate Panel eventually denied Milestone's appeal in January 2023, and affirmed the Bankruptcy Court's May 25, 2022 Judgment. Milestone subsequently

filed a further appeal with the Ninth Circuit Court of Appeal. Milestone did not seek a stay of judgment in the Ninth Circuit. The appeal to the Ninth Circuit remains pending.

17. In May 2022, Moon engaged an experienced mortgage broker who identified a lender who would make a conventional, 30-year, fixed interest rate loan to Lori Moon, Debtor's non-filing spouse, sufficient to satisfy Milestone's loan. The amount of this Loan was $900,000 and the interest rate on the loan was approximately 5.9%.

18. In order to obtain a loan commitment, Moon was required to submit a payoff demand from Milestone, his existing lender. Moon was also required to provide a statement from his existing lender verifying the payments that Moon had made in the recent past.

19. On May 26, 2022, Old Republic Title Company sent Milestone a request for a payoff demand. Old Republic sent a second payoff request to Milestone on June 2, 2022. Milestone's Attorney, Mr. Kornberg, testified that Milestone received these notices, (Kornberg Decl. at Docket entry 101, and Exhibit 101-1, in Adversary Proceeding 20-03117.)

20. Milestone failed to provide a proper payoff statement in response to either the May 26, or June 2, 2022 payoff requests.

21. In June and July 2022, Old Republic Title Company sent several additional requests to Milestone for a payoff demand, as shown in the e-mails and notes of escrow personnel at Old Republic Title, where the escrow for the refinance loan was pending, attached as Exhibit A. Moon also made a further request for a payoff demand to Milestone on August 10, 2022.

22. Beginning in early July 2022, the mortgage broker, acting on behalf of Mr. Moon, sent requests to Milestone, through its attorney, for information confirming the recent payments on the loan and for information requested in a "Verification of Mortgage" (VOM). Milestone's attorney sent the information requests to Milestone. The mortgage broker sent these information requests at least four times in July and August 2022.

23. In August 2022, Moon still had a 30-year, fixed interest rate loan approved for $900,000 at 5.9%.

24. Milestone never provided a payoff demand in response to the requests in July and August by Old Republic for such a payoff demand.

25. Milestone never provided any response to the requests for information made by the mortgage broker in July and August, 2022.

26. As a result of Milestone's failure to provide a payoff demand in July and August 2022, Mrs. Moon was not able to obtain the $900,000 loan at 5.9% in the Summer of 2022.

27. As a result of Milestone's failure to provide the information requested by the mortgage broker July and August 2022, Mrs. Moon was unable to obtain the $900,000 loan at 5.9% in the Summer of 2022.

28. After the Moons unable to obtain the loan in August, 2022, Mr. Moon filed the initial complaint in this action on September 13, 2022.

29. In April 2023, the mortgage broker was able to obtain a new 30-year loan for $900,000. The interest rate on the loan is 7.625%.

30. In or about April 2023, Old Republic sent another request for a payoff demand to Milestone. This time, Milestone provided a payoff demand to Old Republic. In or around April 2023, Milestone also provided the information required by the VOM. The Moons obtained the new loan at 7.625%. The payoff of the Milestone loan closed on or about May 4, 2023.

31. The original 5.9% loan in the Summer of 2022 would have had a monthly payment of $5,338.23, with total interest of $1,021,762.79 to be paid over the 30 years of the loan.

32. The eventual 7.625% loan that Mrs. Moon obtained in April 2023 has a monthly payment of $6,370.14, with total interest of $1,393,250.40 to be paid over the 30 years of the loan. The increase in the interest amount is $371,487.61. This is a community property debt.

FIRST CAUSE OF ACTION
(California Civil Code §2943(c))

33. Plaintiff incorporates the allegations of each paragraph above.

34. California Civil Code §2943(c) provides that a secured lender must provide a payoff demand withing 21 days of a request for such a demand. Plaintiff was entitled to a payoff statement from Milestone within 21 days of each or the requests for a payoff demand set forth above.

35. During June of 2022, Defendant failed to provide a proper payoff demand required

by California law.

36. During July and August of 2022, Defendant repeatedly failed to provide the payoff demand required by California law.

37. Plaintiff has incurred damages, and continues to incur damages as a result of Defendant's failure.

SECOND CAUSE OF ACTION
(15 U.S.C. §1639g)

38. Plaintiff incorporates the allegations of each paragraph above.

39. 15 U.S.C. §1639g provides that a creditor on a home loan must provide an accurate payoff demand no later than seven business days following the receipt of a written payoff demand.

40. During June, of 2022, Defendant failed to provide a timely or proper payoff demand required by Federal law.

41. During July and August of 2022, Defendant repeatedly failed to provide the payoff demand required by Federal law.

42. Plaintiff has suffered damages and continues to suffer damages, as a result of Defendant's violation.

THIRD CAUSE OF ACTION
(Violation of RESPA)

43. Plaintiff incorporates the allegations of each paragraph above.

44. RESPA provides, at 12 U.S.C. §2605(k), that a loan servicer must comply with any regulations promulgated by Consumer Financial Protection Bureau. Such regulations include 12 C.F.R. §1024.36(d), which provides that a loan servicer must provide a response to a request for information no later than 30 business days after receiving the request.

45. During July and August of 2022, Milestone repeatedly failed to provide a timely response to the requests for information made by the mortgage broker.

46. Plaintiff has suffered damages and continues to suffer damages, as a result of Defendant's violation.

FOURTH CAUSE OF ACTION
(Breach of Contract)

47.  Plaintiff incorporates the allegations of each paragraph above.

48.  Defendant's refusal to supply the payoff information necessary to satisfy Plaintiff's obligation to Defendant is a breach of the contract between Plaintiff and Defendant, and a breach of the covenant of good faith and fair dealing made a part of every contract governed by the laws of the State of California.

49.  Plaintiff has been damaged and continues to be damaged by Defendant's breach.

FIFTH CAUSE OF ACTION
(Intentional Interference with Contractual Relations)

50.  Plaintiff incorporates the allegations of each paragraph above.

51.  In July and August of 2022, there existed a relationship between Plaintiff, his spouse and a third-party lender that contained the probability of providing economic benefit to Plaintiff. At such time, Plaintiff and his spouse were in the process of obtaining a new 30-year loan at an interest rate of 5.9%.

52.  Defendant Milestone was aware of this relationship.

53.  Defendant Milestone intentionally engaged in the wrongful acts of violating state and federal laws by failing to timely provide a payoff demand, and violating federal regulations by failing to provide timely information as required by federal regulations.  Defendant intended to interfere with Plaintiff and his spouse obtaining a new loan, so that Defendant could continue to collect interest on its 2015 Loan at 7% as ordered in the Bankruptcy Court Judgment.

54.  The wrongful acts of Defendant disrupted the relationship, and Plaintiff and his spouse were unable to obtain the loan at the 5.9% interest rate.

55. Defendant's wrong acts have caused economic harm to Plaintiff, in that he and his spouse were not able to obtain the 30-year loan at a 5.9% interest rate and instead had to obtain a 30-year loan at a 7.625% interest rate.

///

///

6

56. The wrongful acts of the Defendant were willful and oppressive, fraudulent or malicious, and Plaintiff is therefore entitled to exemplary and punitive damages under California Civil Code §3294.

WHEREFORE, Plaintiff prays for relief as follows:

A. For compensatory damages according to proof;

B. For exemplary and punitive damages as provided by state law;

C. For statutory penalties as provided by state and federal statutes;

D. For costs of suit, including reasonable attorneys fees pursuant to contract

E. For attorneys fees pursuant to 12 U.S.C. §2605(f); and

F. For such other and further relief as the court deems just.

Dated: January 22, 2024         _____/s/ John McDonnell_____
                                    JOHN P. McDONNELL, ESQ.
                                    Attorney for Plaintiffs

UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


In Re: Mark E. Moon vs.
      Milestone Financial, LLC

Chapter 11

Bankruptcy No. 20-30711 DM

Adversary No.


EXHIBIT A

On **8/17/2022** at **5:30 PM, CSD-CPU\BDoyle** posted (WT)
(and emailed jbuchanan@ortc.com): REGARDING MILESTONE
FINANCIAL PAYOFF: Per lender they will not process our
payoff request as the borrower needs to call to settle an
ongoing dispute. CPU task has been closed.

On **8/16/2022** at **3:47 PM, CSD-CPU\mariam** posted (WT):
REGARDING MILESTONE FINANCIAL PAYOFF: Called 650-316-
8970 spoke with Jill who stated this loan is under dispute and
they are no able to provide payoff statement at this time, to
reach out to the borrower. I asked if she can provide
something in writing reason why payoff can not be
processed, Jill will ask to see what can be done but owner is
out traveling and he had instructed the rep to refer us back
to the borrower to call to settle the dispute first.

On **8/16/2022** at **3:29 PM, CSD-CPU\mariam** posted (WT):
REGARDING MILESTONE FINANCIAL PAYOFF: Called (800)
391-0595 entered option 2 no one answered call went to
voicemail, left detailed message requesting status of payoff
requested 8/10. Task to follow up 8/17.

On **8/16/2022** at **3:47 PM, CSD-CPU\mariam** posted (WT): REGARDING
MILESTONE FINANCIAL PAYOFF: Called 650-316-8970 spoke with Jill who stated
this loan is under dispute and they are no able to provide payoff statement at
this time, to reach out to the borrower. I asked if she can provide something in
writing reason why payoff can not be processed, Jill will ask to see what can be
done but owner is out traveling and he had instructed the rep to refer us back
to the borrower to call to settle the dispute first.

On **8/16/2022** at **3:29 PM, CSD-CPU\mariam** posted (WT): REGARDING
MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 entered option 2 no one
answered call went to voicemail, left detailed message requesting status of
payoff requested 8/10. Task to follow up 8/17.

On **8/16/2022** at **2:48 PM, CSD-CPU\mariam** posted (WT): REGARDING
MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and auto stated call can
not be completed as dialed to check the number and try again. Called (800)
342-1146 and need an extension as I do not have an extension call dropped.

On **8/15/2022** at **12:28 PM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and system said call cannot be completed at this time and call ended. Will try again tomorrow.

On **8/12/2022** at **2:26 PM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and system said call cannot be completed at this time. Will try again Monday morning.

On **8/12/2022** at **11:08 AM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and system said call cannot be completed at this time and try again later. Will try again this afternoon.

On **8/11/2022** at **11:10 AM, CSD-CPU\mchea** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called 800-391-0596 and left a detailed voice message along with escrow number, property address, and callback number. Task to follow up 8/12

On **8/10/2022** at **9:22 AM, CSD-CPU\mchea** posted (WT): REGARDING MILESTONE FINANCIAL: Ordered via email kgray@milestonefinancial.net P.800-391-0595. Tasked to follow up 8/11

On **8/3/2022** at **12:48 PM, CSD-CPU\kcaporusso** posted (WT) (and emailed jbuchanan@ortc.com): REGARDING STALLED MILESTONE FINANCIAL PAYOFF: hello! Task has been closed as our email received no response. If this task is still needed, please assign a new task or email cpu.csd@ortc.com. Thank you!

On **8/1/2022** at **10:24 AM, CSD-CPU\kcaporusso** posted (WT) (and emailed jbuchanan@ortc.com): REGARDING STALLED MILESTONE FINANCIAL PAYOFF: the CSD-CPU is unable to process your request for the following reason: Called P:(800) 391-0596 opt 2 spoke to Jill for status. Rep stated to contact the borrowers let them know that the reason why Milestone Financial is not processing payoff due to on going dispute of the amount and the borrower's need to call Milestone Financial to settle the dispute. Please have borrowers call Milestone Financial and advise CPU how to proceed. Once this information is available, please email cpu.csd@ortc.com Thank you!

On **7/27/2022** at **2:02 PM, CSD-CPU\SPhillips** posted (WT) (and emailed jbuchanan@ortc.com): REGARDING STALLED MILESTONE FINANCIAL PAYOFF: the CSD-CPU is unable to process your request for the following reason: Called P:(800) 391-0596 opt 2 spoke to Jill for status. Rep stated to contact the borrowers let them know that the reason why Milestone Financial is not processing payoff due to on going dispute of the amount and the borrower's need to call Milestone Financial to settle the dispute. Please have borrowers call Milestone Financial and advise CPU how to proceed. Once this information is available, please email cpu.csd@ortc.com Thank you!

On **7/25/2022** at **2:33 PM, CSD-CPU\kcaporusso** posted (WT) (and emailed jbuchanan@ortc.com): REGARDING STALLED MILESTONE FINANCIAL PAYOFF: the CSD-CPU is unable to process your request for the following reason: Called P:(800) 391-0596 opt 2 spoke to Jill for status. Rep stated to contact the borrowers let them know that the reason why Milestone Financial is not processing payoff due to on going dispute of the amount and the borrower's need to call Milestone Financial to settle the dispute. Please have borrowers call Milestone Financial and advise CPU how to proceed. Once this information is available, please email cpu.csd@ortc.com Thank you!

Case: 22-90108    Doc# 37-6 Filed: 09/30/2022    Entered: 09/30/2022 14:14:33    Page 25 of 26

On **7/25/2022** at **2:04 PM, CSD-CPU\mariam** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called P:(800) 391-0596 opt 2 spoke to Jill for status. Rep stated to contact the borrowers let them know that the reason why Milestone Financial is not processing payoff due to on going dispute of the amount and the borrower's need to call Milestone Financial to settle the dispute.

On **7/22/2022** at **1:20 PM, CSD-CPU\egoveia** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called P:(800) 391-0596 opt 2 for status. Spoke to rep Angie who said she would call us back with info on the account. Tasked to follow up 7/25.

On **7/20/2022** at **1:47 PM, CSD-CPU\gsalas** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Sent a status update request to email kgray@milestonefinancial.net and admin@milestonefinancial.net Tasked to follow up 7/22

On **7/20/2022** at **11:18 AM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and no answer. System said to try again later. Will try again this afternoon.

On **7/19/2022** at **12:40 PM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 and no answer. System said to try again later. Will try again tomorrow morning.

On **7/19/2022** at **10:58 AM, CSD-CPU\jmeza** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Called (800) 391-0595 twice and no answer. System said to try again later. Will try again this afternoon.

On **7/15/2022** at **11:57 AM, CSD-CPU\gsalas** posted (WT): REGARDING MILESTONE FINANCIAL PAYOFF: Sent request to email kgray@milestonefinancial.net Phone: (800) 391-0595 Tasked to follow up 7/19 to confirm received

[Quoted text hidden]