HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant,
Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>MARK E. MOON<br>    Debtor,<br>_____<br>MARK E. MOON,<br>    Plaintiff,<br>v.<br>Milestone Financial, LLC, a California Limited Liability Company<br>    Defendant.<br>_____ | CASE NO. 20-30711<br>CHAPTER 11<br>ADV NO. 22-03106<br><br>**DECLARATION OF BERNARD KORNBERG IN SUPPORT OF MILESTONE FINANCIAL, LLC'S REPLY TO OPPOSITION TO MOTION FOR ATTORNEYS' FEES**<br><br>Date: August 2, 2024<br>Time: 10:00 a.m.<br>Dept. remote appearance |

0

# DECLARATION OF BERNARD J. KORNBERG

I, Bernard Kornberg, state and declare as follows:

1. I am the counsel for defendant Milestone Financial, LLC ("Milestone") in this action. I make this declaration based on my own personal and first-hand knowledge.

2. I reviewed the opposition to the motion for attorneys' fees and John P. McDonnell's declaration. His declaration does not reveal the entire story of what happened at Robert Schuman's deposition.

3. First, Harris Cohen was scheduled to take the deposition until John McDonnell refused to permit that to occur. He demanded that Mr. Cohen fly up north and increased the fees substantially for the deposition. Milestone then had me take the deposition to save on costs, and only due to Mr. McDonnell's objections.

4. The deposition was properly noticed for Joyce Lau's office with the witness to appear and produce documents. Mr. McDonnell is correct that there were issues with the acoustics/microphone when the deposition was being done with a remote court reporter.

5. The court reporter then suggested moving the deposition a few blocks to the court reporter's office to eliminate that issue. I agreed to this proposal as all parties had vehicles and there seemed to be no barrier.

6. The deposition, however, was instead rescheduled due to facts beyond my control.

   a) First, Mr. McDonnell refused to go the short distance to the court reporter's office. This refusal was without any reasonable basis, rationale or substantive reasoning. It apparently was just to be disagreeable; and

   b) Equally importantly, Mr. Schuman announced that he had no objection to

continuing the deposition since he had to leave by 1:00 p.m. This was the first time he made this fact known, and by itself would not have permitted the deposition to be completed in one day.

6. Given that the deposition could not be completed in any event due to Mr. Schuman's previously unknown hard stop at 1:00 p.m., I agreed with Mr. Schuman to simply continue the deposition to the agreed date.

7. Given those two facts, the fact that the deposition was completed at the continued date, did not increase the cost beyond what was unavoidable, not because of the acoustics, but because of Mr. McDonnell's obstreperousness and Mr. Schuman's previously unannounced deadline for that day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 25, 2024.

/s/ Bernard J. Kornberg
Bernard Kornberg