HARRIS L. COHEN, A PROF CORP.
Harris L. Cohen, Bar No. 119600
hochen00@aol.com
5305 Andasol Ave
Encino, CA 91316
Telephone: (818) 905-5599
Facsimile: (818) 905-5660

MILLER NASH LLP
Bernie Kornberg
Bernie.Kornberg@MillerNash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

THE FULLER LAW FIRM, P.C.
Joyce K. Lau, Bar No. 267839
joyce@fullerlawfirm.net
60 N. Keeble Ave
San Jose CA 95126
Telephone: (408) 295-5595
Facsimile: (408) 295-9852

Attorneys for Defendant
Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E. MARK MOON,<br><br>Debtor,<br><br>MARK E. MOON,<br><br>Plaintiff,<br><br>v.<br><br>MILESTONE FINANCIAL, LLC<br><br>Defendant. | Case No. 20-30711<br>Chapter 11<br>Adv No. 22-03106<br><br>**REPLY IN SUPPORT OF MILESTONE FINANCIAL, LLC'S MOTION TO HAVE ATTORNEYS' FEES MOTION HEARD ON DECEMBER 20, 2024**<br><br>Date: November 8, 2024<br>Time: 10:00 a.m.<br>Dept: Remote Appearance<br>Judge: Hon. Dennis Montali |

# I. ARGUMENT

**A.    As the Fee Issue Is Resolved in Moon I, the Court Should Award Fees in Moon II**

When the Court first considered granting fees, but ultimately stayed the decision, it was because there were two conflicting fee matters. First, the Moons sought fees in the appeals in adversary number 20-03117 ("Moon I"), which arose out of the litigation regarding the amount owed on the Milestone loan to Moon. Second, Milestone sought fees based on its judgment in adversary number 22-03106 ("Moon II"), which arises out of the allegation that Milestone failed to properly provide a payoff statement to Moon. Because fee motions were still pending in Moon I and Moon II, and because those fee awards could potentially offset each other, the parties agreed to pause the fee issue until the fee award in Moon I was decided, and the Court agreed to that pause.

As set forth in the Motion, Milestone prevailed on the fee issue as the Ninth Circuit declined to award fees. (Ninth Circuit Order, Ex. 1 to Motion). Thus there is no longer a concern of offsetting fees in Moon II. The rationale for the deferral, which was the basis for the stipulation of the parties, has expired.

Without the parties' agreement, staying fees pending the appeal in Moon II of the Judgment is improper. A party seeking that a court defer ruling on a fee motion pending appeal of the underlying judgment must make a similar showing to that of a party seeking a stay pending appeal of a judgment. *Gilbert-Daniels v. Lions Gate Ent. Corp.*, No, 2024 WL 3973043, at *3 (C.D. Cal. July 9, 2024) (collecting cases) (non-appellate courts "are instructed to apply a four-factor test to determine whether they should defer ruling on a motion for attorney's fees pending an appeal on the merits."). This includes making a showing under the normal four factors of "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. Moon has made no such showing, nor is there any basis to believe he will prevail on appeal. Therefore, this court should not defer ruling on the fee motion without a

showing by the appellant that he is likely to prevail on appeal.[1] *In re Tejeda*, 2019 WL 103772, at *3 (Bankr. C.D. Cal. Jan. 3, 2019).

Indeed, this is exactly what happened in Moon I. Moon sought, and received, a fee award for the Judgment **despite** the pendency of Milestone's appeal and Moon's cross-appeal. Moon I, Dkt. #135. This Judgment was immediately effective and, when Moon paid off Milestone's loan, used the fee award to offset Milestone's loan balance. This was despite the pending appeals to the BAP and then the Ninth Circuit which could have reversed the fee award. Without a stay, Milestone was forced to accept and pay the fee award by offset.

Accordingly, under both established law and the doctrine of "what is good for the goose is good for the gander," Milestone's fee motion in Moon II is ripe for determination and there is no legal basis for a delay. Therefore, the Court should convert the status conference into a hearing on the motion as it is fully briefed and ready for decision.

**B.  The Issue of Appellate Fees in Moon I Were Resolved by the Ninth Circuit**

Moon further argues that the fee issue in Moon I is not resolved. Per Moon, the Ninth Circuit's denial of Moon's request for fees does not preclude him from seeking his fees from the appeal before the BAP. The argument's basis is that the BAP rules do not provide any procedure for seeking an attorney fee award, while the Local Rule 39-1.6 provides a procedure for doing so. This argument does not hold any water.

The provisions regarding cost recovery in the Federal Rules of Appellate Procedure and the Federal Rules of Bankruptcy Procedure are substantially identical. Compare Fed. R. App. P. 39 to Fed. R. Bankr. P. 8021. Both simply speak to the recovery of costs, without any specificity as to attorneys' fees. The Ninth Circuit has interpreted this provision as providing that the appellate courts have authority to award costs, even if the better practice is to first request the court below to do so. *Sokol v. Bernstein*, 812 F.2d 559, 561 (9th Cir. 1987) (*quoting Perkins v. Standard Oil Co.*, 399 U.S. 222, 223 (1970)). This decision does not cite any local rule for this authority, and thus the right to award cost at the appellate level arises squarely out of Federal

---

[1] Lori Moon was not a party and is not an appellant.

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

Rules providing for a cost award, not any local rule.[2]

More importantly, Ninth Circuit Rule 39-1.6 does not limit the award solely to those fees incurred before the Ninth Circuit. Rather, the rule simply states that "a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed." Ninth Circuit Rule 39-1.6. Therefore, Moon could have sought an award of all fees on appeal, including BAP fees, before the Ninth Circuit. For whatever reason, Moon chose not to do so.

A post-judgment motion for attorneys' fees is an appealable final order. *DeMartini v. DeMartini*, 2023 WL 4044434, at *3 (9th Cir. June 16, 2023) (*citing U.S. for Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 955 (9th Cir. 1994)). Thus, the doctrine of res judicata applies to any attempt to relitigate that order. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Moon is barred from relitigating the issue of fees before the BAP as he could have raised them within the Ninth Circuit.

Further, even if Moon was not barred from relitigating the issue, the same result would occur under the collateral estoppel doctrine. The Ninth Circuit litigated the issue of whether Moon was the prevailing party when he prevailed on Milestone's appeal but lost on his cross appeal. The Ninth Circuit concluded that "[n]either the Moons nor Milestone Financial prevailed in this contract dispute" and denied attorneys' fees. (Order, Ex. 1 to Motion). "The doctrine of issue preclusion prevents relitigation of issues actually litigated and necessarily decided in a prior proceeding." *Castillo v. Gardner*, 854 F. Supp. 725, 726 (E.D. Wash. 1994) (*citing Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988)). There is no material difference between the appeal before the Ninth Circuit and the appeal before the BAP. In both of them, Milestone and Moon appealed this Court's decisions and in both appeals the appellate court affirmed on both

---

[2] Further, "[a] local rule may dictate practice or procedure but may not enlarge, abridge or modify any substantive right." *In re Steinacher*, 283 B.R. 768, 772 (B.A.P. 9th Cir. 2002). Thus, the local rule itself cannot be the basis for the award of attorneys' fees.

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

counts. Each side was 50/50 on appeals of the Court's decisions on the complaint and cross-complaint. Thus, the issue of fees was already litigated, and it may not be relitigated again.

## II. CONCLUSION

The Court should change the December 20, 2024, hearing at 1:30 p.m. to be the hearing on Milestone's motion for attorneys' fees after judgment and not be a status conference.

Dated: November 1, 2024

Respectfully submitted,

MILLER NASH LLP

By: /s/ Bernie Kornberg
Bernie Kornberg

Attorneys for Defendant
Milestone Financial, LLC