HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
61 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant,
Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>MARK E. MOON<br>    Debtor,<br><br>MARK E. MOON,<br><br>    Plaintiff,<br>v.<br>Milestone Financial, LLC, a California Limited Liability Company<br><br>    Defendant. | CASE NO. 20-30711<br>CHAPTER 11<br>ADV NO. 22-03106<br><br>**MILESTONE FINANCIAL, LLC'S MOTION FOR ATTORNEYS' FEES AFTER APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 27, 2025<br>Time: 10:00 a.m.<br>Dept. remote appearance |

Pursuant to FRBP 7054, FRCP 54, Local Bankruptcy Rule ("LBR") 1001-2(a) and Civil Local Rules ("CLR") 54-1 – 54-4, Milestone Financial, LLC ("Milestone") hereby moves the Court for an award of attorneys' fees in the amount of $51,600 against E. Mark Moon aka Mark Moon for the attorneys' fees incurred on the appeal before the United States District Court.

The Motion will be based upon the Motion, the Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Harris L. Cohen, Bernard Kornberg and William Stuart, the Appendix of Evidence, and the evidence in support of the motion and all other documentation on file with the Bankruptcy Court herein.

Dated: May 28, 2025	MILLER NASH LLP

By: /s/ Bernard Kornberg
Bernard Kornberg, Esq.
Attorney for Defendant Milestone Financial, LLC

# TABLE OF CONTENTS

I. INTRODUCTION AND STATEMENT OF FACTS ........................................................ 6

II. MOON CHALLENGED EVERY RULING BY THE BANKRUPTCY COURT, REQUIRING EXTENSIVE BRIEFING. ............................................................................ 7

III. THE PLEADINGS AND PARTIES' CONTRACTS PROVIDE A BASIS FOR RECOVERY OF ATTORNEYS' FEES. ............................................................................ 8

    A.   THE NOTE PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES. ....... 8

    B.   THE SETTLEMENT AGREEMENT PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES. ............................................................................................... 9

    C.   THE DEED OF TRUST PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES. .................................................................................................................... 10

    D.   APPLICABLE LAW ALLOWS MILESTONE TO RECOVER ITS ATTORNEYS' FEES AND THE 9TH CIRCUIT USES THE LOADSTAR METHOD TO CALCULATE FEES. ............................................................................................... 11

IV. SUMMARY OF WORK SUBJECT TO THIS MOTION ........................................ 13

V. THE LOADSTAR ATTORNEYS' FEES RATE SHOULD BE $800.00 PER HOUR FOR COUNSEL. ................................................................................................................. 14

VI. CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.D. v. State of California Highway Patrol*,
   No. C 07-5483 SI, 2013 WL 6199577 (N.D. Cal. Nov. 27, 2013) .............................. 15

*Aguilar v. Zep Inc.*,
   No. 13-cv-00563-WHO, 2014 WL 4063144 (N.D. Cal. Aug. 15, 2014) .................... 15

*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.*
   (2014) 226 Cal. App. 4th 26 .................................................................................. 16

*Californians for Disability Rights v. California Dep't of Transp.*,
   No. C 06-05125 SBA, 2010 WL 8746910, N.D. Cal. Dec. 13, 2010 ........................ 15

*In re Carson*,
   510 B.R. 627 (Bankr. E.D. 2014) ............................................................................ 12

*Davis v. Prison Health Servs.*,
   No. C 09-2629 SI, 2012 WL 4462520 (N.D. Cal. Sept. 25, 2012) ............................ 15

*Dixon v. City of Oakland*,
   No. C-12-05207 DMR, 2014 WL 6951260 (N.D. Cal. Dec. 8, 2014) ....................... 15

*Dominguez v. City of San Jose*,
   2023 WL 2717266 (N.D. Cal. 2023) ........................................................................ 15

*In re Flores*,
   2023 WL 4034356 (Bankr. C.D. Cal. 2023) ............................................................. 13

*Hensley v. Eckerhart*,
   461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ............................................... 12

*Human Rights Def. Ctr. v. Cnty. of Napa*,
   2021 WL 1176640 (N.D. Cal. Mar. 28, 2021) .......................................................... 15

*in Calvo Fisher & Jacob LLP v. Lujan*
   (2015) 234 Cal. App. 4th 608 .................................................................................. 15

*In re Lyon*,
   644 B.R. 211 (Bankr. D. Or. 2022) .......................................................................... 11

*In re Mac-Go Corp.*,
 541 B.R. 706 (Bankr. N.D. Cal. 2015) ................................................................. 12

*In re Manoa Finance Co.*,
 853 F.2d 687 (9th Cir.1988) ................................................................................ 12

*Morales v. City of San Rafael*,
 96 F.3d 359 (9th Cir.1996), *amended*, 108 F.3d 981 (9th Cir.1997) ...................... 11, 12

*Santisas v. Goodin*
 (1998) 17 Cal.4th 599 .......................................................................................... 12

*Serrano v. Unruh*
 (1982) 32 Cal.3d 621 ........................................................................................... 15

*Xuereb v. Marcus & Millichap, Inc.*
 (1992) 3 Cal.App.4th 1338, 5 Cal.Rptr.2d 154 ..................................................... 12

**Statutes**

15 U.S.C. §1639g .................................................................................................... 7

15 USC 1640(a) ...................................................................................................... 8

Civil Code §1717(a) .............................................................................................. 12

Civil Code §2943(c) ............................................................................................... 7

Code of Civil Procedure §1032(b) ........................................................................ 12

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, Mark E. Moon ("Moon"), filed this action generally claiming that Milestone Financial, LLC ("Milestone") prevented him from paying off the note secured by a deed of trust against his property at 11 Mandalay Ct., Redwood City, CA 94065. The note secured by a deed of trust was not refinanced by a loan from United Wholesale Mortgage ("UWM"), because the proposed borrower, Lori Moon, could not meet the UWM underwriting requirements.

Moon filed his original complaint [Dkt. 1] and then in response to a motion to dismiss, he amended the complaint by filing a first amended complaint on May 31, 2023 [Dkt. 20]. Then Moon filed a second amended complaint on January 23, 2024 [Dkt. 31].

Moon filed a motion for partial summary judgment [Dkt. 34], that the Court denied after extensive briefing. [Dkt. 45].

Milestone filed a motion for summary judgment and/or partial summary judgment on March 27, 2024. [Dkt. 48]. The parties briefed the motion and the Court granted the motion by its order on June 10, 2024. [Dkt. 57]. Thereafter, the Court entered judgment in favor of Milestone on June 18, 2024 [Dkt. 60].

All claims arise out of the Note, Deed of Trust and Settlement Agreement, Indemnity and First Amendment to Promissory Note Secured by Deed of Trust (the "Settlement Agreement") that Moon sought to pay off by refinancing the Milestone loan. Those contracts and agreements provide a basis for awarding Milestone its attorneys' fees in this action, including on the appeal.

Moon filed a notice of appeal from the Court's judgment on June 21, 2024 [Dkt 61]. The appeal included an election to have the United States District Court ("USDC") hear the appeal. After both sides extensively briefed the issues on appeal, the USDC entered its Order Affirming Summary Judgment for Milestone. (Appendix of Evidence ("AOE" #1).

## II. MOON CHALLENGED EVERY RULING BY THE BANKRUPTCY COURT, REQUIRING EXTENSIVE BRIEFING.

Moon's Second Amended Complaint against Milestone in this action included five (5) causes of action: 1) Violation of Civil Code §2943(c); 2) Violation of 15 U.S.C. §1639g; 3) Violation of RESPA; 4) Breach of Contract, and 5) Intentional Interference with Contractual Relations.

Necessarily, the Bankruptcy Court's summary judgment adjudicated all five (5) causes of action in favor of Milestone. Moon thus had the choice to appeal the decision on any combination of causes of action or all causes of action.

Moon took the unique approach in the appeal brief of not directly addressing each cause of action, but instead by generally arguing certain facts/conclusions he believed the Bankruptcy Court decided incorrectly. (AOE #2). However, the ambiguity in the briefing and failure to address each cause of action directly and distinctly, forced Milestone to do so.

Milestone, in its brief, was forced to address each cause of action and it did so. (AOE #3).

In the USDC opinion, the Court also was forced to address each cause of action. It went through each cause of action and affirmed the Bankruptcy Court's judgment on each cause of action. (AOE #1).

### III. THE PLEADINGS AND PARTIES' CONTRACTS PROVIDE A BASIS FOR RECOVERY OF ATTORNEYS' FEES.

In paragraph 36 of the original complaint, Moon claimed:

"Plaintiff is entitled to an award of his attorneys fees incurred in connection with this complaint under 15 USC 1640(a) and **under the provisions of the promissory notes between the parties**." (Emphasis added). In paragraph D of the prayer of that pleading he sought "reasonable attorneys' fees."

In both the FAC and the SAC [Dkt 31], Moon included breach of contract causes of action. The only relevant contracts at issue between the parties were the note, deed of trust and settlement agreement. The instant action sought to hold Milestone liable for not honoring its obligations to accept what was owed on the note secured by the deed of trust and as amended by the settlement agreement.[1]

### A. THE NOTE PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.

---

[1] Moon did argue at the hearing on the summary judgment motion that the Court's judgment in the prior action was a "Contract" between the parties, however that argument was rejected by the Court. As stated in the Court's order granting summary judgment, "As the court made clear at the hearing, a judgment is not a contract. There is no need to elaborate on this fact."

The parties' note [AOE #5] provides for the recovery of attorneys' fees. Paragraph 4 of the note states:

> "Attorneys' Fees. Maker agrees to pay all costs, including actual attorneys' fees and expenses incurred in good faith (including court costs, expert witness fees, document reproduction expenses, costs of exhibit preparation. courier charges, postage and communication expenses), incurred by Holder in enforcing payment or collection of this Note or the terms of any Loan Document, whether or not suit is filed, including without limitation fees in obtaining legal advice regarding Holder's rights and remedies, and all costs and fees incurred in obtaining relief from any stay or injunction. The parties' deed of trust provides for the recovery of attorneys' fees."

This suit arises from Moon's claim that Milestone improperly enforced its rights under the Note, Deed of Trust and Settlement Agreement. Therefore, Milestone is entitled to recover its attorneys' fees based on the terms of the Note.

## B.  THE SETTLEMENT AGREEMENT PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.

The parties' Settlement Agreement [AOE #6] also provides for the recovery of attorneys' fees. Paragraph 3 of the Settlement Agreement provides in relevant part:

> Lender enters into this Agreement solely to accommodate the needs of Borrower and despite its wishes that the current Note and associated loan documents be honored. Lender does not wish to be at any risk whatsoever. Therefore, Borrower hereby agrees to indemnify, defend through counsel of Lender's choice and hold harmless Lender (and all of those persons and entities referenced below as "Released Parties") from and against any and all claims, losses, demands, liabilities, damages, penalties, fines and expenses of any kind of nature, including without limitation, all costs of litigation, attorney's fees, and expert fees which **Lender, as well as any other persons or entities benefitted by Borrower's general release set forth below, and Lender's successors or assigns, may directly or indirectly sustain or suffer as a consequence of entering into this Agreement, as a consequence of any claim, liability, loss, demand, damage, penalty, expense, cost, attorney fee, expert fee based in whole or in part on any alleged or actual invalidity, unenforceability, and/or unconscionability of**

**this Agreement or any provision contained within it, <u>or relating in any way to the Note, Deed of Trust or the Property</u>**. This indemnification agreement to defend and agreement to hold harmless extends to any and all claims brought or originated through Borrower or any other person or entity whatsoever including but not limited to any government agency. (Emphasis added).

It is indisputable that the litigation relates to the Note, Deed of Trust and the Property as the sole issue was whether Milestone complied with its obligations concerning the payoff of the Note, the reconveyance of the Deed of Trust and the Settlement Agreement terms subject to the Court's judgment liquidating the debt.

## C. THE DEED OF TRUST PROVIDES FOR THE RECOVERY OF ATTORNEYS' FEES.

The parties' Deed of Trust [AOE #7] also provides for the recovery of attorneys' fees. Paragraph 9.28 of the Deed of Trust provides in relevant part:

> "If any suit. action or proceeding of any kind (an "action") is brought by any party hereto to enforce, defend or interpret any provision of this Deed of Trust or any of the Loan Documents (including an action for declaratory relief), the prevailing party in such action shall recover from the other non-prevailing parties to such action all reasonable costs and expenses which the prevailing party may incur in bringing such action and/or enforcing any judgment granted therein, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment."

Here, Moon's complaint sought to enforce what he believed was required of Milestone based on the Note, Deed of Trust and Settlement Agreement as liquidated by the Court's judgment. Therefore, based on the terms of the Deed of Trust, Milestone as the prevailing party is entitled to recover its attorneys' fees incurred in this action.

### D. APPLICABLE LAW ALLOWS MILESTONE TO RECOVER ITS ATTORNEYS' FEES AND THE 9TH CIRCUIT USES THE LOADSTAR METHOD TO CALCULATE FEES.

Motions for attorneys' fees are governed by Federal Rule of Bankruptcy Procedure ("FRBP") 7054, Federal Rule of Civil Procedure ("FRCP") Rule 54 as made applicable by FRBP 7054, and Bankruptcy Local Rule 1001-2(a) making Civil Local Rules ("CLR") 54-1 - 54-5 applicable to bankruptcy cases and adversary proceedings. FRCP Rule 54(b) permits the Court to grant an attorneys' fees motion. *In re Lyon*, 644 B.R. 211, 213-214 (Bankr. D. Or. 2022).

Pursuant to CLR 54-5(a), the motion must be filed within 14 days after entry of judgment by the District Court. Further, the parties must meet and confer for the purposes of resolving all disputed issues relating to the attorney's fees before making a motion for an award of attorney's fees.

The motion must include declarations with confirmation of the meet and confer requirement satisfaction, descriptions of the work done, and the qualifications and experience and customary charges of persons seeking fees. That information is included in the Kornberg and Cohen declarations. CLR 54-5(b).

"In the Ninth Circuit, the customary method for determining the reasonableness of a professional's fees is the 'lodestar' calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996), *amended*, 108 F.3d 981 (9th Cir.1997). 'The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended

11

MILESTONE'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AFTER APPEAL

Case: 22-03106　Doc# 96　Filed: 05/28/25　Entered: 05/28/25 14:45:16　Page 11 of 16

on the litigation by a reasonable hourly rate.' *Morales*, 96 F.3d at 363 (citation omitted). 'This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.' *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A compensation award based on the loadstar is a presumptively reasonable fee. *In re Manoa Finance Co.*, 853 F.2d 687, 691 (9th Cir.1988)." *In re Carson*, 510 B.R. 627, 647 (Bankr. E.D. 2014).

When the parties' contract is subject to California law, the Court must look to California law to determine the prevailing party. *In re Mac-Go Corp.*, 541 B.R. 706, 714 (Bankr. N.D. Cal. 2015). Here, Milestone prevailed as to every cause of action in the SAC on summary judgment, so the issue of prevailing party is not in dispute as Moon did not prevail on any claim. Similarly, Milestone prevailed on every issue and every cause of action in the appeal by Moon.

California provides two bases for recovery of attorneys' fees in contract cases. First, Civil Code §1717(a) provides that when the contract provides for attorneys' fees and costs regarding enforcement, then the prevailing party shall be entitled to reasonable attorneys' fees in addition to other costs. Second, if the action is not "on the contract" the prevailing party may still recover attorneys' fees if the contract language encompasses the issues of the dispute. Code of Civil Procedure §1032(b) and *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.

> " ' [P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.' (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341, 5 Cal.Rptr.2d 154.)."

Courts "must liberally interpret §1717." *In re Flores*, 2023 WL 4034356, *9 (Bankr. C.D. Cal. 2023).

Milestone undeniably is the "prevailing party" on the appeal as it prevailed on every issue and is therefore entitled to recover its attorneys' fees.

### IV. SUMMARY OF WORK SUBJECT TO THIS MOTION

As detailed in the time sheets attached to the AOE and authenticated in the Kornberg and Cohen declarations, the work subject to this fee motion was substantial. This work included:

1. Addressing the Notice of Appeal;

2. Addressing the pending motion for attorneys' fees arising from the judgment and the timing of that hearing;

3. Addressing the bill of costs;

4. Addressing Moon's opposition to the attorneys' fees motion;

5. Working on the appellate brief;

6. Analysis of Moon's filings for the appeal including briefing;

7. Attending the state court hearings that persisted because Moon would not dismiss that action despite all the results in this Court and the appellate courts;

8. Addressing the 9th Circuit Court's order;

9. Addressed Moon's motion for reconsideration; and

10. Preparing this motion.

# V. THE LOADSTAR ATTORNEYS' FEES RATE SHOULD BE $800.00 PER HOUR FOR COUNSEL.

As the Court may recall, John McDonnell sought $800.00 per hour for all his work in the prior adversary case he prosecuted for the Moons, despite admitting to an actual rate of $425 an hour. (See Cohen Decl. AOE #8). Milestone, which has a reduced fee agreement with its counsel, seeks the same $800.00 per an hour sought by Mr. McDonnell.[2] As shown in the declarations of Bernard Kornberg and Harris L. Cohen, their experience is certainly co-extensive with Mr. McDonnell's experience in handling litigation matters, and they have more experience in bankruptcy matters than Mr. McDonnell.

The work performed in this case was done expeditiously with a conscious effort to minimize attorneys' fees and costs, as the Court would expect of experienced litigators. Counsel for Milestone were successful on all issues on appeal, and briefing was further complicated by Moon's decision not to directly address each cause of action in his opening brief. The appellate briefing was streamlined as much as possible.

Moon increased the fees by filing his own form of non-linear briefing as to the causes of action. This increased the amount of work required by Milestone's counsel, which was substantial. The California Supreme Court has held that a party cannot file motions and aggressively litigate and then be heard to complain about the other side's

---

[2] Milestone's counsel discounted rate to the client is set forth in the individual billing statements.

fees to respond, "[a party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serrano v. Unruh* (1982) 32 Cal.3d 621, *followed in Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal. App. 4th 608, 627.

In 2023, the rates for attorneys in the Northern District of California were analyzed in *Dominguez v. City of San Jose*, 2023 WL 2717266, *5 (N.D. Cal. 2023), as follows:

> "The Court notes that the rates are reasonable based on the prevailing rates in the Northern District. *See, e.g., Human Rights Def. Ctr. v. Cnty. of Napa*, 2021 WL 1176640, at *11 (N.D. Cal. Mar. 28, 2021) (approving hourly rates of $950 for an attorney with about 40 years of experience; $625 for an attorney with about 10 years of experience; $650 for an attorney with about 20 years of experience; and $260 and $350 for paralegals with 10 and 30 years of experience, respectively); *Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA, 2010 WL 8746910, at *13 N.D. Cal. Dec. 13, 2010 (finding $740, $640, $660, and $570 to be reasonable hourly rates for attorneys at Disability Rights Advocates with 26, 23, 19, and 10 years of experience, respectively); *Dixon v. City of Oakland*, No. C-12-05207 DMR, 2014 WL 6951260, at *7, *9 (N.D. Cal. Dec. 8, 2014) (approving hourly rates in an individual civil rights case of $725 and $695 for partners; $325, $350, and $400 for associates with 2, 3, and 5 years of experience; and $200 for paralegals); *A.D. v. State of California Highway Patrol*, No. C 07-5483 SI, 2013 WL 6199577, at *5-6 (N.D. Cal. Nov. 27, 2013) (approving hourly rates in a wrongful death case of $725 for attorneys with 34 to 40 years of experience and $425 for attorney with 9 years of experience); *Davis v. Prison Health Servs.*, No. C 09-2629 SI, 2012 WL 4462520, at *9-10 (N.D. Cal. Sept. 25, 2012) (approving hourly rates of $675-750 for attorneys with close to 30 years of experience and $180 for a paralegal with 25 years of experience); *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2014 WL 4063144, at *4 (N.D. Cal. Aug. 15, 2014) (approving hourly rates in an employment case of $700 for a partner with 31 years of experience and $650 for an attorney with 22 years of experience)."

"'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] **This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or**

**discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel**.'" *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal. App. 4th 26, 73 (Emphasis added). Therefore, for example the fact that Mr. Cohen charges less than his reasonable hourly rate, does not prevent recovery of that reasonable hourly rate in this action.

Mr. Cohen has almost 40 years of experience and extensive bankruptcy experience. Mr. Kornberg has 17 years of experience.

Based on the foregoing, the requested attorneys' fees are:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Harris L. Cohen | 40.9 | $800.00 | $32,720 |
| Bernard Kornberg | 23.6 | $800.00 | $18,880 |
| | | | |
| | | TOTAL: | $51,600 |

## VI. CONCLUSION

Based on the foregoing, Milestone requests that the Court grant the motion and award attorneys' fees of $51,600.

Dated: May 28, 2025

MILLER NASH LLP

By: /s/ Bernard Kornberg
Bernard Kornberg, Esq.
Attorney for Defendant Milestone Financial, LLC