HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
Email: hcohen00@aol.com

JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
joyce@fullerlawfirm.net

BERNARD J. KORNBERG (State Bar No. 252006)
MILLER NASH, LLP
340 Golden Shore, Ste. 450
Long Beach, CA 90802
Telephone: (562) 247-7622
Email: Bernard.kornberg@millernash.com

Attorneys for Defendant, Milestone Financial, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN re<br><br>MARK E. MOON<br><br>    Debtor,<br>_____<br>MARK E. MOON,<br><br>    Plaintiff,<br>v.<br>Milestone Financial, LLC, a California Limited Liability Company<br><br>    Defendant.<br>_____ | CASE NO. 20-30711<br>CHAPTER 11<br>ADV NO. 22-03106<br><br>**DECLARATION OF HARRIS L. COHEN IN SUPPORT OF MOTION BY MILESTONE FINANCIAL, LLC FOR ATTORNEYS' FEES AFTER APPEAL**<br><br>Date: June 27, 2025<br>Time: 10:30 a.m.<br>Dept. remote appearance |

# DECLARATION OF HARRIS L. COHEN

I, Harris L. Cohen, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein and if called upon to testify thereto I could and would competently do so.

1. I am an attorney for Defendant, Milestone Financial, LLC.

2. Plaintiff, Mark E. Moon ("Moon"), filed this action generally claiming that Milestone Financial, LLC ("Milestone") prevented him from paying off the note secured by a deed of trust against his property at 11 Mandalay Ct., Redwood City, CA 94065. The note secured by a deed of trust was not refinanced by a loan from United Wholesale Mortgage ("UWM"), because, based on the evidence, the proposed borrower, Lori Moon, could not meet the UWM underwriting requirements.

3. Moon filed his original complaint [Dkt. 1] and then in response to a motion to dismiss and other revelations by Moon, he amended the complaint by filing a first amended complaint on May 31, 2023 [Dkt. 20]. Then he filed a second amended complaint on January 23, 2024 [Dkt. 31].

4. Milestone filed a motion for summary judgment and/or partial summary judgment on March 27, 2024. [Dkt. 48]. The parties briefed the motion and the Court granted the motion by its order on June 10, 2024. [Dkt. 57]. Thereafter, the Court entered judgment in favor of Milestone.

5. Moon filed a notice of appeal from the Court's judgment on June 21, 2024 [Dkt 61]. The appeal included an election to have the United States District Court

("USDC") hear the appeal. After both sides extensively briefed the issues on appeal, the USDC entered its Order Affirming Summary Judgment for Milestone. (A true and correct copy of the order is attached to the Appendix of Evidence ("AOE" #1).

5. All claims arise out of the Note, Deed of Trust and Settlement Agreement, Indemnity and First Amendment to Promissory Note Secured by Deed of Trust (the "Settlement Agreement") that Moon sought to pay off by refinancing the Milestone loan.

6. True and correct copies of my bills for work after June 20, 2024, are attached to the AOE as Exhibit "10."

7. The work I performed for Milestone that is subject to this fee application is set forth in detail in the billing statements and is summarized as follows:

    a. Addressing the Notice of Appeal;
    b. Addressing the pending motion for attorneys' fees arising from the judgment and the timing of that hearing;
    c. Addressing the bill of costs;
    d. Addressing Moon's opposition to the attorneys' fees motion;
    e. Working on the appellate brief;
    f. Analysis of Moon's filings for the appeal including briefing;
    g. Attending the state court hearings that persisted because Moon would not dismiss that action despite all the results in this Court and the appellate courts;
    h. Addressing the 9th Circuit Court's order;
    i. Addressed Moon's motion for reconsideration; and
    j. Preparing this motion.

8. The hourly rates for attorneys I practice with and against generally range from $425.00 per hour to $800.00 per hour and that is the prevailing wage for attorneys with my experience in the Los Angeles area in civil litigation and bankruptcy. Based on my experience, rates for counsel in the San Francisco Area are generally higher than the rates for counsel with the same experience in Los Angeles. My customary hourly rate is

$400.00 per hour for work of this type, which is below the market rate due to my diminished overhead and the fact that single attorney law firms generally do not charge the same rate as larger law firms due to market forces.

9. The rate I provide to Milestone for services is a discounted rate due to the volume of work as reflected on the billing statements. However, that is not relevant to the lodestar calculation as "'The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel.'" *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal. App. 4th 26, 73.

10. I attended UCLA and received my undergraduate degree in economics in 1982. I then attended Loyola Law School and graduated cum laude in 1985, the same year I passed the bar and was a member of the St. Thomas More Law Honor Society (now recognized as the Order of the Coif). I worked at Stradling, Yocca, Carlson & Rauth and then Sandler & Rosen after becoming a member of the bar. I formed my own firm in the 1990's and practice primarily in the areas of civil litigation and bankruptcy. I have had cases in the California Superior Court, Court of Appeal, and Supreme Court. In the Federal system I have had cases in the District Court, Ninth Circuit Court of Appeals, Bankruptcy Court, Bankruptcy Appellate Panel as well as practicing in the Beis Din.

11. Attached to the AOE as Exhibit "8" is a true and correct copy of Mr. McDonnell's brief filed over two years ago, on June 3, 2022, when he sought $800.00 per hour as the appropriate loadstar rate.

12. I anticipate spending another ten (10) hours on the reply brief when Moon opposes the fee application and in preparing for and appearing at the hearing at the loadstar rate of $800.00 which an additional fee request of $8,000.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Encino, California.

Dated: May 28, 2025                     /s/ Harris L. Cohen
                                        Harris L. Cohen