Entered on Docket
November 14, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 14, 2025**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 20-30711-DM |
| MARK E. MOON, | ) Chapter 11 |
| Debtor. | ) |
| LORI H. MOON, as personal representative and administrator, | ) Adversary Case No. 22-3106-DM |
| Plaintiff, | ) **HEARING HELD** |
| v. | ) Date: October 17, 2025<br>) Time: 11:00 a.m.<br>) Place: 450 Golden Gate Ave |
| MILESTONE FINANCIAL, LLC, | )      Courtroom 17 |
| Defendant. | )      or via Zoom |

**MEMORANDUM DECISION REGARDING MOTIONS FOR ATTORNEYS' FEES**

The court held a hearing on October 17, 2025 on the *Motion by Milestone Financial, LLC for Attorneys' Fees After Judgment* ("AP Fee Motion") (Dkt. 65), and *Milestone Financial, LLC's Motion for Attorneys' Fees After Appeal* ("Appeal Fee Motion") (Dkt. 96) (together, "Motions"). At the conclusion of the hearing, the court took the Motions under submission.

-1-

For the reasons that follow, the Motions will be GRANTED in part.

### I. Standards Governing Motions for Attorneys' Fees

California law provides that in an action on a contract that contains a fee provision, fees shall be awarded to the prevailing party, even when the provision was drafted to be one-sided. Cal. Civ. Code § 1717.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate . . . The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000) (citing *Serrano v. Priest*, 20 Cal.3d 25 (Cal. 1977)). "[T]he relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Financial, Inc.*, 979 (9th Cir. 2008). The lodestar rate is a "touchstone" the court may adjust by considering other factors, "including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th at 1096 (internal citations omitted).

While the lodestar rate and accompanying adjustments are the general starting point for determining reasonable fees, the trial court has sole and wide discretion in determining the reasonable amount of fees and costs, including the rate by which such fees and costs should be calculated. *See Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702-703 (stating

Case: 22-03106   Doc# 110   Filed: 11/14/25   Entered: 11/14/25 16:38:54   Page 2 of 8

not only that the court's determination of attorneys' fees was appropriate, but that even if court had come to the opposite conclusion regarding fees that decision would not have been an abuse of discretion). "The value of legal services performed in a case is a matter in which the trial court has its own expertise." *PLCM Group*, 22 Cal.4th at 1096. A trial court "need not necessarily explain its analysis in terms of elaborate mathematical calculations" in providing an explanation of its exercise of discretion, so long as its reasoning is understandable. *In re Dutta*, 175 B.R. 41, 46 (9th Cir. BAP 1994).

### II. Reasonable Rate

Milestone seeks $800 per hour for all work performed during this adversary proceeding, which is the rate previously sought by the Moons' sole counsel, Mr. McDonnell, and the rate claimed by Milestone as the appropriate lodestar in this instance. As Milestone surely recalls, it argued forcibly against that $800 rate by its opponent, in part on the premise that Mr. McDonnell, his clients (and the court, in the main bankruptcy case) had already deemed his charged rate of $425 per hour to be a reasonable rate. Now, Milestone no longer feels that the only reasonable measure of fees is that which has already been approved by a client or the court. While the caselaw cited by Milestone illustrates that reasonable fees need not be based on amounts actually charged, the court notes the change in position, and the history of fee requests in the previous related adversary proceeding.

Case: 22-03106    Doc# 110    Filed: 11/14/25    Entered: 11/14/25 16:38:54    Page 3 of 8

In that case, the court held that the appropriate lodestar rate was $425, after taking into consideration the following: (1) counsel's bankruptcy experience; (2) the narrow set of issues argued before the court; (3) the amount of relevant briefing submitted; (4) the amount of work that could have been done by paralegals or associates that was done by Mr. McDonnell and thus came with a partner-level price tag. Taking all the factors into consideration, the court determined the rate of a partner with fewer than 21 years of experience was appropriate, and the amount actually charged by Mr. McDonnell fell within that band of reasonable rates.

The court weighs the same factors in considering Milestone's request in the Motions. First, counsel collectively has extensive bankruptcy experience, with Mr. Cohen having decades more of bankruptcy experience, which likely means that he was more efficient in this court.

Second, the issues before the court were narrow, not bankruptcy related, and amounted to a relatively simple factual dispute. The Second Amended Complaint (Dkt. 31) sought to hold Milestone liable for failure to timely provide an accurate payoff demand upon request in contravention of California law, for violation of the Real Estate Settlement Procedures Act, and for intentional interference with a contract by those failures. While technically five causes of action were asserted, all stem from the same alleged act (or non-act) by Milestone and were thus resolvable as a whole.

Third, the briefing submitted by Milestone was all relevant to the causes of action presented against it. While

-4-

efficiencies in outcome could have perhaps been increased had Milestone filed a countermotion for summary judgment as opposed to defeating Plaintiff's Motion for Partial Summary Judgment (Dkt. 34) prior to filing its own dispositive Motion for Summary Judgment (Dkt. 46), no irrelevant briefing was submitted.

In sum, Mr. Kornberg and Ms. Lau both operate at a level of a partner with less than 21 years of experience, and Mr. Cohen operates at the level of a partner with more than 21 years of experience. Some slight upward adjustment to Mr. Cohen's contribution is appropriate. Thus, the same lodestar of $425 per hour applied to Mr. McDonnell should be applied to Mr. Kornberg and Ms. Lau, and a higher lodestar rate of $600 per hour should be applied to Mr. Cohen. For the sake of efficiency, a blended hourly rate of $515 is appropriate for the nature and complexity of this adversary proceeding. That is the blended rate the court will apply across the board.

### III. **Reasonable Hours**

Courts may exclude hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*." *Id.* at 434 (quotations omitted) (emphasis in original).

Milestone submits that regarding the adversary proceeding, 219.65 hours have been reasonably expended at the lodestar rate, along with 4.2 hours of paralegal level work at two different levels for a total amount of $535. The court will not question reasonableness of the time spent on the lower-level

-5-

work and will only focus on the high-level hours claimed by Milestone's counsel.

First, as to the AP Fee Motion, Ms. Lau charged 1 hour for attending a deposition that ultimately did not take place, 2.5 hours for observing a deposition taken by Mr. Kornberg, and 3.5 hours for attending a scheduling conference and hearing on Milestone's Motion for Summary Judgment. She did not make any argument or otherwise participate in those hearings. These hours are duplicative and not compensable.

Mr. Kornberg charged 3.7 hours for the deposition that did not take place and 0.2 hours for work that was also billed in the Appeal Fee Motion. The court agrees with Plaintiff that 2.7 of the 3.7 deposition hours are not compensable, and Milestone has already agreed to remove the 0.2 hour charged as an improper time entry.

The court finds no issue with the amount or nature of the work performed and charged by Mr. Cohen.

Next, as to the Appeal Fee Motion, Milestone has already agreed to reduce its fee request to a total of 58.4 hours. Upon review of the timesheets, the court does not find the time to be duplicative and no other reductions appear appropriate.

The court finds no other reason to make any reductions to the reasonable rate or hours as determined above.

### IV. CONCLUSION

The Motions are GRANTED in part. The reasonable rate of compensation is a blended rate of $515 per hour, and the reasonable amount of time worked to be compensated is 210.75 hours plus $535 (in paralegal and discounted fees) of

-6-

compensable work on the AP Fee Motion and 58.4 hours on the Appeal Fee Motion. The court awards Milestone a total of $109,071.25 on the AP Fee Motion and a total of $30,076 on the Appeal Fee Motion in reasonable attorneys' fees to be paid by Plaintiff. Counsel for Milestone is directed to serve and upload an appropriate final order for the respective Motions for fees and costs consistent with this Memorandum Decision.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

ECF Recipients